# Illinois Official Reports

## Appellate Court

---

### *Schuster v. Richards*, 2018 IL App (1st) 171558

---

| | |
|---|---|
| Appellate Court Caption | DEBBIE J. SCHUSTER and ALAN M. SCHUSTER, Plaintiffs-Appellants, v. LYNN M. RICHARDS; OUTERWALL, INC., d/b/a Coinstar; and REDBOX AUTOMATED RETAIL, LLC, Defendants-Appellees. |
| District & No. | First District, Third Division<br>Docket No. 1-17-1558 |
| Filed | April 11, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2016-L-006979; the Hon. Jerry A. Esrig, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Daniel E. Compton, of Compton Law Group, of Elgin, for appellants.<br><br>Richard M. Johnson Jr., of Stone & Johnson, Chtrd., of Chicago, for appellees. |
| Panel | JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion.<br>Justices Howse and Lavin concurred in the judgment and opinion. |

**OPINION**

¶ 1 Following the trial court's grant of a motion to transfer venue pursuant to *forum non conveniens* filed by defendants-appellees Lynn M. Richards; Outerwall, Inc., d/b/a Coinstar; and Redbox Automated Retail, LLC, plaintiffs-appellants Debbie J. Schuster and Alan M. Schuster petitioned for leave to appeal under Illinois Supreme Court Rule 306(a)(2) (eff. July 1, 2014). This court granted their petition. On appeal, plaintiffs contend that the trial court abused its discretion in granting defendants' motion to transfer venue because it conducted an unequal balancing of the relevant factors at issue in favor of transfer. They ask that we reverse the trial court's order and, accordingly, restore the matter to the venue they initially chose. For the following reasons, we affirm.

¶ 2 BACKGROUND

¶ 3 The parties agree to the relevant facts of this cause.

¶ 4 Plaintiff Debbie Schuster, while a pedestrian, was struck by defendant Richards, who was driving a vehicle in the course of her employment. At that time, defendant Richards was employed by defendant Redbox Automated Retail, LLC (Redbox), and the vehicle she was driving was leased to defendant Outerwall, Inc., d/b/a Coinstar (Coinstar). Plaintiff Debbie Schuster, as well as her husband plaintiff Alan Schuster, who joined her in filing suit against defendants with respect to the accident, are both residents of Kane County, Illinois. Defendant Richards is a resident of Du Page County, Illinois. Defendants Redbox and Coinstar are Delaware corporations that have ties to several counties in Illinois. Relevant to the instant cause, Redbox, for example, has offices and warehouses in Cook and Du Page Counties and also does business in Kane County. Its agent for process is located in Cook County. By all agreement, it does more business, transactionally and monetarily, in Cook County as opposed to Kane County. Similarly, Coinstar does business in both Cook and Kane Counties, but more substantially (again, transactionally and monetarily) in the former as opposed to the latter. Its agent for process is also located in Cook County. The accident between plaintiff Debbie Schuster and defendant Richards occurred in East Dundee, Illinois, which is located in Kane County.

¶ 5 Members of the East Dundee Police Department and the East Dundee/Countryside Fire Protection District, both in Kane County, responded to, and investigated, the accident. Plaintiff Debbie Schuster was first taken to Advocate Sherman Hospital (Sherman) in Kane County. She was immediately transferred to Advocate Lutheran General Hospital (Lutheran General) in Cook County and later transferred to Presence Holy Family Medical Center (Holy Family) in Cook County. Subsequently, she was transferred to Presence St. Joseph Hospital (St. Joseph) in Kane County, and finally to Rosewood Care Center (Rosewood) in Kane County.

¶ 6 Plaintiffs filed suit against all defendants in Cook County. They asserted negligence and loss of consortium against defendant Richards. As against defendants Redbox and Coinstar, they asserted solely claims of respondeat superior and nothing with respect to direct negligence. That is, against Redbox, plaintiffs claimed that defendant Richards was its agent, that she was operating a vehicle owned by it, and that, as principal, it was responsible for her acts and omissions. Similarly, against Coinstar, plaintiffs claimed that defendant Richards was its agent and that, as principal, it was responsible for her negligent acts and omissions.

¶ 7 Defendants filed a motion to transfer venue pursuant to *forum non conveniens* seeking to move the cause from Cook County to Kane County. As the parties briefed the matter, defendants argued that the relevant private and public interest factors to be considered when deciding such a motion strongly favored transfer. Plaintiffs, meanwhile, argued that they did not and that their choice of forum, which is their substantial right, should prevail. Within the parties' briefing, plaintiffs disclosed a list of some 18 potential witnesses, in addition to themselves, who they believed "may" be called on the issues of liability and damages. Some of these witnesses provided information regarding their testimony should the matter proceed to trial. For example, it was disclosed that there were three potential witnesses to the accident: Ray Clark, Michael Tangorra, and Blake Johnson. Each submitted an affidavit with respect to the convenience of testifying. Clark stated he is a resident of McHenry County and that it was "more convenient" for him to travel to Kane County rather than Cook County to testify, Tangorra similarly stated he is a resident of McHenry County and that it was "more convenient" for him to travel to Kane County rather than Cook County to testify, and Johnson stated he is a resident of Kane County but that it was "not inconvenient" for him to travel to Cook County to testify, if necessary. Another listed witness was police officer Jessica Michelini of the East Dundee Police Department, who had responded to the scene and investigated the accident. In a discovery deposition, she stated that she is a resident of McHenry County and that traveling to either McHenry or Kane Counties to testify in this matter was "preferred" over Cook County.

¶ 8 Plaintiffs also presented the affidavits of two treating physicians, Drs. Shawn Palmer and Ted Jagielo, who were also listed as potential witnesses. Dr. Palmer stated that he works at the Midwest Bone and Joint Institute, which has offices in McHenry, Lake and Kane Counties, and that he is a resident of Lake County. He attested that it "is convenient" for him to testify in Cook County. Dr. Jagielo stated that he works at Lutheran General and Holy Family, both in Cook County, and he attested that it would be "far more convenient" for him to testify in Cook County than Kane County.

¶ 9 Additionally, the record reveals that plaintiffs' counsel is located in Kane County while defendants' counsel is located in Cook County.

¶ 10 After considering the parties' briefs and argument, the trial court granted defendants' motion to transfer venue. In its written order, the court began by providing a lengthy statement regarding the applicable standard of review and the amount of deference to be afforded to plaintiffs' choice of forum. The court acknowledged that plaintiffs undoubtedly have a substantial interest in their choice that, generally, should not be disrupted. However, the court recognized that plaintiffs' choice was neither where they reside nor where the accident occurred and, thus, their choice was to receive less deference.

¶ 11 The court then analyzed each of the relevant private and public interest factors involved in *forum non conveniens* determinations. With respect to the private interest factors, it concluded that the first of these, the convenience of the parties, was "neutral" because, although defendants cannot assert that plaintiffs' choice of forum is inconvenient to plaintiffs, Cook and Kane Counties border each other and defendant Richards, as well as defendants Redbox and Coinstar, would not be inconvenienced in traveling to either county. Next, the court found that the ease of access to sources of evidence weighed in favor of transfer because the accident occurred in Kane County, two of the occurrence witnesses attested it was more convenient them to attend court in Kane County, the remaining occurrence witness lives in Kane County,

police and fire personnel involved were located in Kane County, and plaintiff received treatment in both Kane and Cook Counties. The factors of availability of compulsory process to secure the attendance of unwilling witnesses and the cost to obtain the attendance of willing witnesses also weighed in favor of transfer since "[s]everal occurrence witnesses are more accessible in Kane County" and, again, the counties at issue border each other so that any cost to obtain witness attendance "would be minimal." It further noted that, although plaintiff received medical care in both counties, "most healthcare providers will probably not testify in person at trial." And, as to the factor of the possibility of viewing the premises, the court found that it weighed in favor of transfer since, again, the accident occurred in Kane, not Cook, County. After analyzing all the private interest factors, the court stated that, even after affording plaintiffs "some deference in their choice," these factors weighed in favor of transfer.

¶ 12    Acknowledging that its consideration was not yet complete, the court next examined each of the public interest factors involved. First, it found that administrative concerns, including the congestion of court dockets, weighed "slightly in favor of transfer," noting various statistics showing that, while Cook County has significantly more of these types of cases on its docket, it decides them in a similar period of time (457 cases in 40.1 months in Cook County versus 6 cases in 41.7 months in Kane County).[1] Next, the court noted that the unfairness of jury duty upon Cook County residents weighed "strongly in favor of transfer" for two reasons: because the accident occurred in and involved residents of Kane County and because, while defendants Redbox and Coinstar do business in Cook County, plaintiffs only sought to impose vicarious liability upon them for the alleged negligence of defendant Richards and never made any allegation of direct negligence against them. As to the final public interest factor, the court found that the interest of having local controversies decided locally weighed "strongly in favor of transfer" since, again, the alleged negligence occurred in Kane County and involved Kane County plaintiffs; Kane County, therefore, had a local interest in the matter.

¶ 13    Ultimately, in reviewing its entire analysis, the court held that "the relevant factors for consideration, when viewed in their totality, favor the forum suggested by the movant." Accordingly, it transferred the cause from Cook County to Kane County.

¶ 14    As noted, plaintiffs then appeared in our court seeking leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. July 1, 2014). We granted their petition and now address their appeal.

¶ 15                                          ANALYSIS

¶ 16    Plaintiffs contend that the trial court abused its discretion in granting defendants' motion and moving their cause to Kane County. They assert that, not only did the court ignore the cause's connections to Cook County, but it also erred in balancing the public and private *forum non conveniens* factors in favor of transfer rather than in favor of plaintiffs' choice of venue, as it was required to do. We disagree.

¶ 17    As a threshold matter, we wish to comment on the applicable standard of review, as plaintiffs highlight this both in their opening brief on appeal and again in their reply brief, insisting that defendants' citation to a general abuse of discretion standard is, for lack of a better word, insufficient. The parties agree, as do we, that our court reviews a trial court's

_____

[1]The court examined case statistics in these courts from the year 2015 for jury verdicts over $50,000.

decision with respect to a *forum non conveniens* motion pursuant to abuse of discretion, which occurs only when no reasonable person would take the view adopted by the trial court. See *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 21; accord *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 442 (2006); *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 177 (2003); *Susman v. North Star Trust Co.*, 2015 IL App (1st) 142789, ¶ 18. Plaintiffs, however, go on to quote the following passage from *First National Bank v. Guerine*, an Illinois Supreme Court case reversing a trial court's decision to transfer venue:

> "[W]e hold that a trial court abuses its discretion in granting an intrastate *forum non conveniens* motion to transfer venue where, as here, the potential trial witnesses are scattered among several counties, including the plaintiff's chosen forum, and no single county enjoys a predominant connection to the litigation. The balance of factors must strongly favor transfer of the case before the plaintiff can be deprived of his chosen forum. [Citation.] This is not such a case." 198 Ill. 2d 511, 526 (2002).

¶ 18   This portion of *Guerine* appears at the very end of that case, not at the beginning of its analysis wherein its court outlines the parameters for review, and it clearly forms the holding of that case, not necessarily general commentary on the applicable standard of review.[2] This is not to say that the sentiments found in the quotation are incorrect; they are not by any means, and many of them indeed are very relevant to the instant cause, as we will discuss shortly. However, while we, too, recognize the factual similarity between the instant cause and *Guerine* in that potential trial witness are scattered among various counties herein, plaintiffs use the cited quotation to jump ahead of any analysis and affirmatively state, without question, that defendants' sought-after forum of "Kane County does not enjoy a predominant connection to this litigation such that transfer is strongly favored."

¶ 19   Yet, whether this is true is precisely the question that is part and parcel of the larger issue we have been called upon to determine in this cause. Yes, the *Guerine* court concluded that the sought-after forum by the defendant did not enjoy a predominant connection, but it did so only after a lengthy analysis of all the relevant private and public interest factors, as it was required to do. The conclusion reached, however, was not part of the initial standard of review employed by our supreme court. By jumping to *Guerine*'s conclusion before our analysis has even begun, plaintiffs attempt at the outset of this cause to skew the applicable standard into something more than it is and then weave that thread throughout their arguments on appeal. The fact remains that, among all the legal principles and considerations that are to be kept in mind in evaluating a trial court's decision with respect to a *forum non conveniens* motion (which we are mindful of and, again, will discuss shortly), we are to review that decision pursuant to an abuse of discretion standard and, as is well established, an abuse of discretion occurs only when no reasonable person would take the view adopted by the trial court. See *Susman*, 2015 IL App (1st) 142789, ¶ 18 (stating that, in reviewing a *forum non conveniens* decision, " 'The issue, then, is not what decision we would have reached if we were reviewing the facts on a clean slate, but whether the trial court acted in a way that no reasonable person would.' " (quoting *Vivas v. Boeing Co.*, 392 Ill. App. 3d 644, 657 (2009))); accord *Ruch v.*

---

[2]Incidentally, the quoted portion actually appears amid the *Guerine* court's discussion that "Illinois *forum non conveniens* law is admittedly less than clear," and that its reversal carried "no pejorative connotations" upon the trial court judge, who was otherwise "conscientious" in his decision to grant the change of forum. *Guerine*, 198 Ill. 2d at 526.

*Padgett*, 2015 IL App (1st) 142972, ¶¶ 36, 38-40 (explaining that standard of review for a *forum non conveniens* decision is abuse of discretion, that this means reversal may only occur if the trial court abused its discretion in balancing the relevant factors, that an abuse in balancing occurs only where no reasonable person would take the view of the trial court, and that a reviewing court "may affirm a trial court's *forum non conveniens* order on any basis found in the record").

¶ 20    Having clarified this, we now turn to the settled legal principles and considerations surrounding *forum non conveniens* motions. These motions rest in the equitable doctrine, which considers fundamental fairness with respect to the sensible and effective administration of justice. See *Fennell*, 2012 IL 113812, ¶ 12; *Ruch*, 2015 IL App (1st) 142972, ¶ 37. Essentially, it allows a trial court, which otherwise has proper jurisdiction over a cause, to decline jurisdiction and transfer it to another forum after a determination that the other forum would be better suited to hear it. See *Fennell*, 2012 IL 113812, ¶ 12; *Ruch*, 2015 IL App (1st) 142972, ¶ 37.

¶ 21    Such a determination involves the evaluation of several types of factors. First among these is the deference to afford the plaintiff's choice of forum. See *Ruch*, 2015 IL App (1st) 142972, ¶ 37 (this consideration is primary before the evaluation of any other relevant factors). The plaintiff has a substantial interest in choosing the forum, and generally, her choice "should rarely be disturbed." *Langenhorst*, 219 Ill. 2d at 442. Accordingly, it has been said that "the battle over forum begins with the plaintiff's choice already in the lead." *Guerine*, 198 Ill. 2d at 521. This is particularly true when the plaintiff chooses a forum that is her home residence or the site of the accident or injury that is the subject of the litigation. See *Langenhorst*, 219 Ill. 2d at 442. However, the plaintiff's choice is not always entitled to the same weight or consideration in all cases. See *Fennell*, 2012 IL 113812, ¶ 18 (citing *Dawdy*, 207 Ill. 2d at 173). For example, when she chooses a foreign forum—one that is not her residence nor the location of the accident or injury—her choice is afforded only some deference. See *Ruch*, 2015 IL App (1st) 142972, ¶ 43; see also *Fennell*, 2012 IL 113812, ¶ 18 (citing *Dawdy*, 207 Ill. 2d at 173). While this is not the same as no deference, it is considerably less than if she had chosen her home forum or the site of accident. See *Ruch*, 2015 IL App (1st) 142972, ¶ 45 (citing *Glass v. DOT Transportation, Inc.*, 393 Ill. App. 3d 829, 834 (2009)); see also *Fennell*, 2012 IL 113812, ¶ 12 (in such a case her choice of forum is afforded far less deference). Thus, " '[i]n most instances, the plaintiff's initial choice of forum will prevail, provided venue is proper *and the inconvenience factors attached to such forum do not greatly outweigh the plaintiff's substantial right to try the case in the chosen forum.*' " (Emphasis in original.) *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 520).

¶ 22    Said inconvenience factors, which form the next consideration in evaluating a *forum non conveniens* motion, are divided into two groups: private interest factors and public interest factors. The private interest factors include the convenience of the parties; the relative ease of access to testimonial, documentary, and real evidence; the availability of compulsory process to secure the attendance of unwilling witnesses; the costs to secure the attendance of willing witnesses; the possibility of viewing the site where the accident occurred, if appropriate; and all other practical considerations that make a trial easy, expeditious and inexpensive. See *Fennell*, 2012 IL 113812, ¶ 21. The public interest factors include the interest in deciding controversies locally, the unfairness of imposing the burden of jury duty on residents of a forum with little connection to the litigation, and the administrative difficulties caused by

- 6 -

adding litigation to already congested court dockets rather than resolving the case at its origin. See *Fennell*, 2012 IL 113812, ¶ 21. In deciding a *forum non conveniens* motion, a court must consider all of these private and public interest factors. See *Ruch*, 2015 IL App (1st) 142972, ¶ 48; accord *Fennell*, 2012 IL 113812, ¶ 17. It must not place too much emphasis on any one factor, nor is it to weigh them against each other. See *Langenhorst*, 219 Ill. 2d at 443-44; accord *Dawdy*, 207 Ill. 2d at 175-76. Rather, it must balance them all together and view them within the totality of the circumstances presented, as each *forum non conveniens* case is unique on its own facts. See *Langenhorst*, 219 Ill. 2d at 443-44 ("court must evaluate the total circumstances of the case"); accord *Fennell*, 2012 IL 113812, ¶ 24.

¶ 23        Ultimately, the burden is on the defendant to show that the relevant private and public interest factors " 'strongly favor' " his choice of forum and merit disturbing the plaintiff's initial choice. *Langenhorst*, 219 Ill. 2d at 444 (quoting *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 107 (1990)); accord *Fennell*, 2012 IL 113812, ¶ 17. In other words, the defendant must prove that the balance of factors strongly favors transfer, *i.e.*, that the plaintiff's chosen forum is inconvenient to him and that another forum is more convenient to all parties. See *Fennell*, 2012 IL 113812, ¶ 20; *Langenhorst*, 219 Ill. 2d at 444. "Although this is a difficult standard for a defendant to meet, 'it does not foreclose *legitimate* transfers when the balance of factors *strongly* favors litigation in another forum.' " (Emphases in original.) *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 521).

¶ 24        With these principles in mind, plaintiffs in the instant cause contend that the trial court abdicated its duty to place their original choice of forum (Cook County) in the lead, as it were, in its balancing of the applicable factors. They assert that instead, the court favored transfer at the outset and ignored any connection the cause had to their original choice of forum. Yet, upon our thorough review of the record and upon our consideration of all the particular facts of this cause, we find no abuse of discretion in the trial court's balancing of factors and its resulting decision to grant defendants' motion for *forum non conveniens*. To the contrary, we find that the trial court employed all the required legal considerations, balanced all the factors properly, and conducted a well-reasoned analysis in determining that transfer to Kane County was appropriate.

¶ 25        The trial court began, as it should have, with the first consideration related to *forum non conveniens*: the amount of deference to give plaintiffs' choice of forum. Here, as the trial court correctly noted, it "is afforded less deference." Plaintiffs' choice is not their home forum. Both plaintiffs live in Kane County and the accident at issue occurred in Kane County. They do not reside in Cook County nor did the accident occur in Cook County. Clearly, by filing their complaint in Cook County, they chose to have their cause heard in a foreign forum. As we have discussed, while this does not mean that no deference will be given to their choice, it does mean that the deference to be given is far less than it would have been had they chosen their home forum. Accordingly, although their choice is still in the lead, it is not as far ahead as it could have been.

¶ 26        First, plaintiffs assert that the trial court abused its discretion in finding that the private interest factors were equally balanced or favored transfer. Specifically, they attack the court for "ignoring" the substantial business defendants Coinstar and Redbox do in Cook County as opposed to Kane County, the fact that virtually all of plaintiff Debbie Schuster's medical care and proof thereof comes from Cook County sources, and the affidavits of Drs. Palmer and Jagielo and occurrence witness Johnson, which all indicated that Cook County was a more

convenient forum for them. However, as we review the trial court's assessment of each of the private interest factors, we do not find any abuse of discretion.

¶ 27　　The trial court determined that the first private interest factor, convenience of the parties, was "neutral" and did not weigh strongly either for or against transfer. This was because, although defendants could not assert that plaintiffs' choice was inconvenient to plaintiffs, the court noted defendant Richards was from Du Page County and would not be inconvenienced traveling to either Kane or Cook Counties, and defendants Coinstar and Redbox do business in both Kane and Cook Counties. We agree. Du Page County borders both Kane and Cook Counties, and the record is clear that the corporate defendants do business in both. This factor, then, is essentially neutral.

¶ 28　　We do not believe, as plaintiffs assert, that the trial court ignored the business ties defendants Coinstar and Redbox have to Cook County. Plaintiffs spend much of their brief pointing out facts and figures to show that these defendants conduct "substantially" more business in Cook County, rather than Kane County, and have registered agents there. While this may be true, our courts have made clear that "merely conducting business" in a county does not necessarily affect the issue of *forum non conveniens*, nor does the presence of a corporate defendant's registered agent. See *Dawdy*, 207 Ill. 2d at 182 (these are assumed since, if a defendant did no business in a county or had no registered agent there, that county would not be a proper venue for the case to begin with; thus, this "is not a dispositive factor" and a court is "to look beyond the criteria of venue when it considers the relative convenience of a forum"); accord *Smith v. Jewel Food Stores, Inc.*, 374 Ill. App. 3d 31, 34-35 (2007). These are considerations, surely, but not outcome determinative ones. Plaintiffs counter that our supreme court in *Boner v. Peabody Coal Co.*, 142 Ill. 2d 523, 540 (1991), mentioned the "extent and type of business" conducted in a forum "are appropriate considerations" and, thus, the trial court here should have disfavored transfer based on defendants' stronger business ties to Cook County. Yes, the *Boner* court did use these phrases, but plaintiffs myopically isolate that quotation. As the *Boner* court was analyzing this private interest factor, it was discussing that, where a defendant company has offices and conducts active operations in a county, its activities in that county are "by no means marginal" and thus, based on the facts in that cause, more than one forum could be considered. See *Boner*, 142 Ill. 2d at 540. It did not state or even infer, as plaintiffs claim, that a court is to weigh a defendant corporation's activities or review fiscal statistics to determine whether its business is more substantial in one county over another. As the trial court here found, defendants Coinstar and Redbox have registered agents in Cook County and do business there but also do business in Kane County—the site of the accident. Incidentally, the record also shows that defendant Redbox has regional offices and operational warehouses in Du Page County. These facts, when taken together, do not propel the *forum non conveniens* issue strongly either way. Therefore, we cannot say that the trial court's determination that this private interest factor was neutral is unreasonable.

¶ 29　　With respect to the second private interest factor of ease of access to sources of evidence, the trial court found that it weighed in favor of transfer. It based its determination on the location of the accident and the affidavits of the three occurrence witnesses. Two of them, Clark and Tangorra, both stated they were residents of McHenry County and that it was more convenient for them to travel to Kane County as opposed to Cook County to testify, and the third, Johnson, was a resident of Kane County. The court further noted that first responders to the accident are from Kane County, and plaintiff received medical treatment in both Kane and

Cook Counties. The affidavits of these witnesses, all essential sources of evidence for trial, renders this factor favorable for transfer.

¶ 30       Plaintiffs assert that the trial court improperly ignored that portion of Johnson's affidavit wherein he stated that it was "not inconvenient" for him to travel to Cook County to testify, if necessary. We do not believed that the court ignored this portion of Johnson's affidavit as much as it simply found more critical the facts that Johnson attested he was a resident of Kane County (plaintiffs' home forum and the forum of the accident) and that he never stated testifying in Kane County would be inconvenient for him. Additionally, in this vein, we note the affidavit of Officer Michelini, who responded to and investigated the scene and who was the only police personnel specifically listed among plaintiffs' potential witnesses. Although the trial court did not mention her affidavit in its order, Officer Michelini stated that she is a resident of McHenry County and that traveling to either McHenry or Kane Counties to testify was "preferred" over Cook County. Based on all this, it was not unreasonable for the trial court to find that the second private interest factor favored transfer.

¶ 31       Next, the trial court determined that the third and fourth private interest factors of the availability of compulsory process to secure the attendance of unwilling witnesses and the cost to obtain the attendance of willing witnesses both weighed in favor of transfer. The court again noted the several occurrence witnesses who were more accessible in Kane County. Additionally, it commented that plaintiff Debbie Schuster received medical care in both Kane and Cook Counties and that, regardless, "most healthcare providers will probably not testify in person during trial." And, it stated that, again, because the counties border each other, the cost to obtain the attendance of witnesses would be minimal. We find no abuse in this determination.

¶ 32       Plaintiffs take issue with the trial court's statement about healthcare providers not testifying in person, especially since they had provided the affidavits of Drs. Palmer and Jagielo with respect to the forum in which they preferred to testify. Plaintiffs declare that a trial court may not arbitrarily decide that witnesses in a chosen forum will or will not testify in person. While this is obviously true, there are many more considerations at play here. For example, Dr. Palmer attested that he is a Lake County resident and that his offices at the Midwest Bone and Joint Institute where he treated plaintiff Debbie Schuster are in McHenry, Lake, and Kane Counties. He stated it "is convenient" for him to testify in Cook County, but he never attested that it would be inconvenient to testify elsewhere, such as Kane County, which is not far from his forum of residence and is actually the forum of one of his offices. Dr. Jagielo, who treated plaintiff Debbie Schuster at Lutheran General and Holy Family hospitals in Cook County, did attest that it would be "far more convenient" for him to testify in Cook County than Kane County (though, again, he did not state that Kane County would be inconvenient for him). Yet, while the fact that a plaintiff's expert or treating physician has an office in the plaintiff's chosen forum is relevant to the determination of a *forum non conveniens* motion, it is only one of many considerations with respect to the availability and costs related to witnesses. See *Ruch*, 2015 IL App (1st) 142972, ¶ 56 (citing *Ammerman v. Raymond Corp.*, 379 Ill. App. 3d 878, 890 (2008)). Rather, our case law explicitly declares that " 'courts "should be cautious *** *not to give undue weight* to the fact that plaintiff's treating physician or expert has an office in the plaintiff's chosen forum." ' " (Emphasis in original.) *Ruch*, 2015 IL App (1st) 142972, ¶ 56 (quoting *Ammerman*, 379 Ill. App. 3d at 890, quoting *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 227 (1987)). The sound reasoning behind

this is to prevent plaintiffs from easily frustrating this *forum non conveniens* principle by selecting a treating physician or expert in what would actually be an inconvenient forum. See *Fennell*, 2012 IL 113812, ¶ 33; accord *Griffith*, 136 Ill. 2d at 112 (affording too much significance to location of a plaintiff's expert witness frustrates principles of *forum non conveniens*).

¶ 33    Ultimately, we do not find that the trial court abused its discretion with its comments that most of the healthcare providers involved in the instant cause will probably not testify in person, if a trial ensues. This is an undeniable truth in our personal injury jurisprudence of today. See, *e.g.*, *Walsh v. Ramada Inns, Inc.*, 194 Ill. App. 3d 945, 949 (1989) (use of evidence depositions obviate need for doctors to testify at trial). Moreover, plaintiffs admit that plaintiff Debbie Schuster received medical treatment in Kane County and not solely in Cook County; in fact, while she was treated at two hospitals in Cook County (Lutheran General and Holy Family), she was also treated at two hospitals in Kane County (Sherman and St. Joseph) and spent time at a recovery center there (Rosewood). Thus, the treatment she received simply does not establish the overwhelming connection to Cook County that plaintiffs insist. See also *Ruch*, 2015 IL App (1st) 142972, ¶ 61 (location of documents, records, and photographs is a less significant factor today in forum analysis due to advent of e-mail, Internet, telefax, copy machines, and delivery services). Additionally, we would be remiss if we again were not to note, as the trial court did, that the two counties at issue here are adjacent to each other, with the difference in cost to secure witnesses in either forum minimal. And, while Cook County may be "far more convenient" for Dr. Jagielo, he is but one witness. Not only, as the experienced trial court aptly pointed out, have times changed with the advent of video depositions, telecommunications, and the overall shrinking of our world (see *Langenhorst*, 219 Ill. 2d at 450 (citing *Guerine*, 198 Ill. 2d at 525)), but it must also be remembered that Dr. Jagielo is an expert witness who, presumably, would be compensated for any inconvenience in travel (see *Eads v. Consolidated Rail Corp.*, 365 Ill. App. 3d 19, 31-32 (2006) (location of expert witness therefore should be "given minimal weight")). And, of course, he would only be testifying as to plaintiff Debbie Schuster's medical treatment. On the flipside, of the three lay occurrence witnesses—those who witnessed the accident at issue, will not be compensated in any manner for their time or testimony, and will provide crucial evidence regarding the primary issue of negligence (which must be found before damages may even be determined)—two have attested that Kane County is more convenient for them and the third actually lives there. All this, along with investigating Officer Michelini's affidavit specifically renouncing Cook County's convenience for her to testify, shows that the trial court's consideration of these two private interest factors regarding the procurement of witnesses, and its finding that these factors support transfer, were inherently reasonable.

¶ 34    The penultimate private interest factor is the possibility of viewing the site where the accident occurred. The trial court commented on this factor, and plaintiffs do not challenge its determination on appeal. Suffice to say, the trial court found that this factor, which concerns the possibility of viewing the site if appropriate and not the necessity to do so (see *Dawdy*, 207 Ill. 2d at 178), weighed in favor of transfer, and there is no abuse in its determination. In this cause, the accident occurred in Kane County, and there is no mention in the record that its location, features, or environment have changed in any substantial manner. Therefore, while it may be too early at this point in the litigation to determine the necessity of having a jury view

the site, a visit, if eventually deemed appropriate by the trial court, would clearly be more possible and more expeditiously accomplished if trial were held in Kane County.

¶ 35　　The final private interest factor concerns all other practical considerations that make a trial easy, expeditious, and inexpensive. The trial court in the instant cause did not specifically identify in its order any additional considerations, other than to restate that even "affording the plaintiffs some deference in their choice of forum" as is due to them, the private interest factors weighed in favor of transfer. Clearly, and again contrary to plaintiffs' insistence, the trial court did conduct this balance test unequally in their favor, with their choice of forum placed ahead of any consideration in favor of transfer. However, it found that these private interest factors outweighed even this "lead" they had which, in its discretion, it had every right to do. Based on the evidence, we cannot find that this was unreasonable.[3]

¶ 36　　We now turn to the public interest factors. Comprising plaintiffs' next major challenge on appeal, they contend that the trial court abused its discretion in finding that these were equally balanced or favored transfer and in determining that the citizens of Cook County have no interest in deciding the instant cause. Specifically, they again highlight the "substantial business" defendants Coinstar and Redbox do in Cook County and the fact that they have registered agents for service there; they also argue that court congestion in the resolution of matters is "a relatively insignificant factor" and that the court ignored the scope of defendant Richards' employment. However, similar to the private interest factors, our review of the trial court's assessment of each of the public interest factors demonstrates no abuse of discretion.

¶ 37　　The first public interest factor is having local controversies decided locally. In its examination, the trial court here correctly noted that the alleged negligence at issue (the accident) occurred in Kane County, that plaintiffs alleging this negligence are both Kane County residents, and thus that this factor "strongly" favored transfer. This is not unreasonable. Although potential witnesses from other counties may be involved and although some evidence regarding potential damages may be found in other counties, this litigation is, at its core, a controversy local to Kane County. Significantly, our state supreme court has made clear that the location of the accident resulting in the litigation is the most substantial factor in giving any county a local interest. See *Dawdy*, 207 Ill. 2d at 183; accord *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 343 (1994) (" '[A]ny county to which [defendant] provides service has an interest in the outcome of the case, [but] the interest of none of these counties is greater than *** where the accident occurred.' " (quoting *Washington v. Illinois Power Co.*, 144 Ill. 2d 395, 403 (1991))). Here, the accident occurred in Kane County, it involves a Kane County resident suing on her behalf and another Kane County resident suing for the effects the accident had on him as her husband, and it is based on claims of negligence concerning the specific actions of defendant Richards, as the driver, while she was driving in Kane County, where one

---

[3]Even though the trial court did not mention any specific findings with respect to this final private interest factor, we may do so, as we may affirm on any basis in the record. See *Ruch*, 2015 IL App (1st) 142972, ¶ 40. In addition to all the considerations we, and the trial court, have already examined, we would find that this factor clearly favors transfer as well. Among those considerations, which we will not detail extensively here (because we feel this has already been done), we would like to note the irony that plaintiffs' counsel is located in Kane County while defendants' counsel is located in Cook County. Although it has been said that little weight is to be afforded to this, it is nonetheless a factor a court may consider in a *forum non conveniens* analysis. See *Koss Corp. v. Sachdeva*, 2012 IL App (1st) 120379, ¶ 129 (citing *Dawdy*, 207 Ill. 2d at 179).

occurrence witness lives, two others stated was convenient for them to travel to, and the investigating officer stated the same. Undeniably, this is a Kane County-centric cause.

¶ 38     With this in mind, the trial court found that the next public interest factor, the unfairness of imposing the burden of jury duty on residents of a forum with little connection to the litigation, also weighed "strongly in favor of transfer." In light of the above, again, this determination was not unreasonable. The court supported its finding by repeating that plaintiffs are Kane County residents involved in an accident in Kane County. It also noted that while defendants Coinstar and Redbox certainly do business in Cook County, plaintiffs' complaint as against them was based only on vicarious liability. In other words, the court made clear that plaintiffs were suing defendants Coinstar and Redbox only in their capacities as principals, whereas plaintiffs' actual claims of negligence were solely directed against defendant Richards, the driver, whose actions or inactions, which took place in Kane County, are the prime focus of the accident and, ultimately, of the litigation.

¶ 39     Plaintiffs take great issue with the trial court's comments on vicarious liability and cite *Guerine* for the proposition that this should have no effect upon a consideration of jury duty concerns. Plaintiffs are incorrect. *Guerine* involved a suit, filed in Cook County, against an individual defendant for the negligent operation of his vehicle/trailer and against an Indiana corporate defendant for the defective design and manufacture of the trailer; the traffic accident occurred in De Kalb County. See *Guerine*, 198 Ill. 2d at 512. The corporate defendant filed a *forum non conveniens* motion to transfer venue to De Kalb County and the trial court agreed, but our state supreme court reversed and kept the cause in Cook County. See *Guerine*, 198 Ill. 2d at 513-14. However, this was not because, as plaintiffs here insist, it did not consider vicarious liability as a relevant concern. Rather, the *Guerine* court did look at the different types of claims and recognized that, while the claim against the individual defendant for his negligence in driving occurred in De Kalb County and thus "ha[d] a local flavor," the claim against the corporate defendant sounding in products liability was "less localized." *Guerine*, 198 Ill. 2d at 525. Yet, what turned the tide in *Guerine* was that the individual defendant lived in Cook County and, thus, "presumably drove his trailer on Cook County roads," thereby making this an interest for Cook County residents and, in turn, for a potential jury there. *Guerine*, 198 Ill. 2d at 525.

¶ 40     The difference in this cause is that the individual defendant, whose alleged negligence is at issue, is not a resident of the forum plaintiffs chose; defendant Richards is a resident of Du Page County, not Cook County. And, although she worked for defendants Coinstar and Redbox, which do business in Cook County and have registered agents for service there, we cannot presume, as was the case in *Guerine*, that she drove their corporate vehicle on Cook County roads. She may well have, but defendants Coinstar and Redbox have already been shown to do business in many counties within our state. *Guerine*, accordingly, is not on point here. Compare *Smith*, 374 Ill. App. 3d 31 (where the plaintiff sued individual and corporate defendants in Cook County, transfer to Kendall County was appropriate because, although the corporate defendant did substantial business and had its corporate headquarters in Cook County, the fairness of jury duty fell to the citizens of Kendall County since Cook County otherwise had "little connection" to the accident); see also *Czarnecki v. Uno-Ven Co.*, 339 Ill. App. 3d 504, 509 (2003) (presence of corporate defendants' registered agents in Cook County and their conducting of business there were found to be unrelated to the cause at issue and "not significant factors for *forum non conveniens* purposes" since, while these contacts may be

sufficient to fix venue, they did not necessarily establish Cook County's significant connection with or interest in the cause at issue so as to burden a jury there).

¶ 41    The fact remains that, while plaintiff Debbie Schuster sued defendant Richards for her alleged negligence that specifically occurred in Kane County, and plaintiff Alan Schuster sued defendant Richards for loss of consortium due to her alleged negligence that specifically occurred in Kane County, both plaintiffs sued defendants Coinstar and Redbox upon *respondeat superior*. That is, plaintiffs sued these defendants not for their actions or inactions which might directly impact Cook County residents but, rather, simply because defendant Richards was their agent, regardless of where she was employed. Plaintiffs did not, for example, allege that defendants Coinstar and Redbox failed to directly supervise defendant Richards that day in Kane County or failed to ensure that she was driving properly or with proper equipment. Plaintiffs alleged only that, as her principal, these corporate defendants were responsible for her negligence and omissions—while she was in Kane County. Without more, we fail to see how Cook County is significantly connected to this litigation so as to impose the burden of jury duty on its residents as opposed to those of Kane County.

¶ 42    The final public interest factor is the administrative difficulties caused by adding litigation to already congested court dockets rather than resolving the case at its origin. Obviously, the latter is preferred. While plaintiffs are correct that this factor, by itself, is relatively insignificant, it is still a factor to be considered. See *Fennell*, 2012 IL 113812, ¶ 43. In examining this factor, the trial court in the instant cause found that it weighed "slightly in favor of transfer," citing case statistics from 2015 showing that, while Cook County had some 457 cases with jury verdicts over $50,000 compared to Kane County's 6, the period of time from filing to verdict was essentially the same: 40.1 months in Cook County and 41.7 months in Kane County. Again, based on all the facts herein, the trial court's determination with respect to this factor cannot be said to be unreasonable. See *Langenhorst*, 219 Ill. 2d at 451 (trial court is in best position to assess burdens on its own docket).

¶ 43    Accordingly, with the trial court having found, via thorough and proper examination, that the public interest factors each supported transfer, some even "strongly," we cannot conclude, in light of the record before us, that no reasonable person would adopt the same reasoning. Just as with the private interest factors, the trial court did not abuse its discretion. Rather, the trial court properly conducted the balance test of private and public interest factors while clearly affording plaintiffs' choice of forum some deference and placing it ahead of any consideration in favor of transfer. The pendulum of that test simply swung in a manner plaintiffs were not expecting.

¶ 44    Before we end our discussion of this matter, we would note one final contention raised by plaintiffs. That is, at the end of their brief, they assert that, regardless of the factors, the trial court abused its discretion in transferring venue because defendants never proved that Cook County was inconvenient for them. They devote much time to a comparison of the seminal *forum non conveniens* cases of *Langenhorst*, wherein our state supreme court affirmed the denial of a transfer motion, and *Dawdy*, wherein the same court reversed the denial of a transfer motion, declaring that facts of the instant cause are "almost identical" to the former and merit the same decision. We disagree and conclude that *Dawdy* is actually more applicable here.

¶ 45    In *Langenhorst*, the plaintiff brought a wrongful death action in St. Clair County for claims arising out of a train and vehicle accident. This county, however, was not the plaintiff's home

- 13 -

forum nor the site of the accident. The corporate defendant moved to transfer the cause to Clinton County where the accident occurred, but the trial court denied the motion. Our state supreme court affirmed, finding that, in weighing the private and public interest factors, the totality of the circumstances did not strongly favor transfer. See *Langenhorst*, 219 Ill. 2d at 448. That court highlighted, for example, that a view of the accident site was not appropriate because it had significantly changed; the only eyewitness did not reside in the county of the accident; the majority of relevant trial witnesses did not reside in the county of the accident; no witness attested that the plaintiff's chosen forum was inconvenient; and the plaintiff's attorney, investigator, and treating doctor all lived in the chosen forum. See *Langenhorst*, 219 Ill. 2d at 449-50. The *Langenhorst* court concluded that the defendants failed to meet their burden for transfer. See *Langenhorst*, 219 Ill. 2d at 452.

¶ 46 In *Dawdy*, meanwhile, the same court held in the opposite manner based on the totality of the circumstances in that particular case. There, similar to *Langenhorst*, the plaintiff in a tractor versus train-truck accident filed suit in Madison County, which was not his home forum nor the site of the accident, and the individual and corporate defendants filed a motion to transfer to Macoupin County, where the accident occurred. The trial court denied the motion, but our state supreme court reversed, finding that this time, in weighing the private and public interest factors, the totality of the circumstances did strongly favor transfer. See *Dawdy*, 207 Ill. 2d at 177. The court highlighted, for example, that the corporate defendant did business in the county of transfer, the individual defendant was a resident of the county of transfer, most of the witnesses lived in or near the county of transfer, and none of them lived in the chosen forum. See *Dawdy*, 207 Ill. 2d at 178-79. It also noted that the accident occurred in the county of transfer, a jury could more easily view the scene of the accident there, court congestion was an issue in the chosen forum, and the chosen forum otherwise had no connection to the cause. See *Dawdy*, 207 Ill. 2d at 181-83. Concluding that the defendants met their burden, our supreme court transferred venue out of the plaintiff's chosen forum. See *Dawdy*, 207 Ill. 2d at 185.

¶ 47 Plaintiffs here, in likening the instant cause to *Langenhorst*, declare that *Langenhorst* stands for the proposition that a trial court abuses its discretion in denying a *forum non conveniens* motion to transfer the case to an adjacent county when most of the potential trial witnesses are scattered and no single county enjoys a predominant connection to the litigation. They are correct; this is what *Langenhorst* holds—based on its particular facts and following a lengthy evaluation of the applicable factors. And, we do acknowledge that factually, on its face, the instant cause is similar to *Langenhorst* in that potential witnesses are scattered over several adjacent counties. But, just as with their proposition of the standard of review, plaintiffs take a tremendous leap in logic by declaring that no single county here enjoys a predominant connection to this litigation. To the contrary, the trial court, after conducting the same evaluation as our state supreme court did in *Langenhorst*, found that one did—one that was not the county in which plaintiffs chose to file their cause of action. Having found no abuse of discretion in its determination, this is where the instant cause's path diverges from *Langenhorst* and instead follows *Dawdy*.

¶ 48 Moreover, when all the underlying facts of *Langenhorst* are actually analyzed, that case becomes even more distinguishable from the instant cause. For example, a predominant consideration in *Langenhorst* was that the site of the accident had substantially changed. The plaintiff had sued the defendant based, in considerable part, on its failure to maintain the railroad crossing in a proper manner, including, for example, cutting the vegetation around it

and incorporating several construction features in violation of several codes. The record revealed that those changes were made soon after the accident, but before trial; thus, any viewing of the accident site by a jury was not only irrelevant but inappropriate. See *Langenhorst*, 219 Ill. 2d at 449. There is no indication in the instant record that the accident site in Kane County has been altered in any way, thereby making its viewing inappropriate for a jury which, again, would be more expeditious if the forum here were Kane County. Additionally, the only eyewitness to the accident in *Langenhorst* lived in another state. See *Langenhorst*, 219 Ill. 2d at 449. By contrast, in the instant cause, we have already discussed at length that the occurrence witnesses, as well as the investigating police officer, have provided affidavits stating that it is more convenient for them to travel to Kane County to testify. Notably, then, the instant cause is more closely related to *Dawdy* than *Langenhorst*, where the transferee venue is the site of the accident, the occurrence witnesses have declared that venue to be more convenient, a viewing of the scene would be more easily accomplished there, plaintiffs' own attorneys have offices there, and the cause otherwise has very little connection to the chosen forum. See, *e.g.*, *Smith*, 374 Ill. App. 3d at 38 (distinguishing *Langenhorst*).

¶ 49        Ultimately, any case comparison is essentially futile here. This is because our case law has moved far beyond both *Langenhorst* and *Dawdy* in discussing *forum non conveniens* and its relevant factors. Both of those cases remain good law, as they should. The critical lesson of both of them, as well as their progeny, which we have cited throughout our decision here, is the primary principle that, even with a plaintiff's substantial interest in choosing the forum where her rights will be vindicated, even with the unequal balancing test skewed in her favor, and even with the difficult burden a defendant must meet to effectuate transfer, the evaluation of *forum non conveniens* for any case is unique on the facts of each case. See *Langenhorst*, 219 Ill. 2d at 443; accord *Fennell*, 2012 IL 113812, ¶ 21 ("each *forum non conveniens* case is unique and must be considered on its own facts"); *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 168 (2005) ("[e]very request for transfer based upon *forum non conveniens* must be decided pursuant to an 'individualized, case-by-case consideration of convenience and fairness' " (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *Ammerman*, 379 Ill. App. 3d at 885 ("*forum non conveniens* claims are adjudicated on a case-by-case basis with the results heavily dependent upon the facts of each case"). And the facts unique to the instant cause strongly favor its transfer to Kane County.

¶ 50        We are mindful, in light of plaintiffs' final assertion on appeal, of the fact that a defendant is not relieved of his burden to show that the chosen forum is inconvenient to him and another is more convenient to all the parties simply because the chosen venue has little or no connection to the cause. See *Dykstra v. A.P. Green Industries, Inc.*, 326 Ill. App. 3d 489, 496 (2001). But we believe, just as the trial court did, that defendants here did make this showing based on the evidence presented, which we have already discussed at length.[4] See *Koss Corp.*,

---

[4]The parties most briefly allude on appeal to affidavits from defendants that were attached to a reply in support of their motion for transfer, affidavits from defendant Richards, Ms. Thanh-Le from defendant Redbox, Mr. Lines from defendant Coinstar, and Max Vandewalle, concerning the inconvenience of the chosen forum. Plaintiffs moved to strike defendants' reply brief, arguing that these affidavits were conclusory and not part of defendants' original brief. The trial court did not rule on plaintiffs' motion and, in its order, specifically declared that it did not consider any of defendants' affidavits in its ruling. While defendants urge us to consider them now as part of the record, we choose to follow the trial court, finding that there is no reason or need to do so. See *Koss Corp.*, 2012 IL App

- 15 -

2012 IL App (1st) 120379, ¶¶ 106-07 (trial court may make inferences in this regard based on evidence presented). In the end, when all of the relevant private and public interest factors are viewed in their totality, they strongly favor transfer to Kane County, which can better serve the convenience of the parties and the ends of justice with respect to the instant cause. We therefore find that the trial court did not abuse its discretion in granting defendants' motion to transfer pursuant to *forum non conveniens*.

¶ 51                                                    CONCLUSION

¶ 52          Accordingly, for all the foregoing reasons, we affirm the judgment of the trial court.

¶ 53          Affirmed.

---

(1st) 120379, ¶ 100 (stating that a defendant seeking *forum non conveniens* dismissal is not obligated to submit affidavits of identifying witnesses they would call and testimony they would provide if trial were held in alternative forum (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981))).