**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200171-U

Order filed April 9, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| ROSIE HENDRICKS, as Independent Administrator of the Estate of OLA WILLIAMS, Deceased, | ) ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| | ) | Appeal No. 3-20-0171 |
| PETERSEN HEALTH QUALITY, LLC, an Illinois Limited Liability Company d/b/a BEMENT HEALTH CARE CENTER, PETERSEN HEALTH CARE MANAGEMENT, INC., an Illinois Corporation and GUYLA LEASON, RN, | ) ) ) ) ) ) | Circuit No. 19-L-101 |
| | ) ) | Honorable Michael D. Risinger, |
| Defendants-Appellants. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the judgment of the court.
Presiding Justice McDade concurred in the judgment.
Justice O'Brien dissented.

**ORDER**

¶ 1     *Held*:   The trial court erred by denying defendants' motion to transfer the case to Piatt County on the ground of *forum non conveniens*.

¶ 2     Plaintiff filed a complaint in the circuit court of Peoria County alleging negligence and various statutory and regulatory violations by defendants, which resulted in injuries that contributed to the death of plaintiff's mother, decedent, Ola Williams. Defendants, under Illinois

Supreme Court Rule 187 (eff. Jan. 1, 2018), filed a motion to transfer the case to Piatt County on the ground of *forum non conveniens*. The motion to transfer was denied. Defendants appeal.

¶ 3                                    I. BACKGROUND

¶ 4         On May 23, 2019, plaintiff, Rosie Hendricks, as Independent Administrator of the Estate of Ola Williams, filed a complaint against defendants, Petersen Health Quality, LLC, d/b/a Bement Health Care Center, Petersen Health Care Management, Inc., and Guyla Leason, a registered nurse, in Peoria County. Plaintiff alleged negligence and various statutory and regulatory violations by defendants, resulting in decedent's development of pressure sores during the approximately 1.5 years that she resided at Bement Health Care Center in Piatt County. The pressure sores allegedly contributed to decedent's subsequent death in McLean County.

¶ 5         Further, plaintiff alleged defendants' statutory and regulatory violations, in part, occurred in Peoria County. For example, Petersen Health Care Management, a resident of Peoria County, "as the management company, owner, and/or operator of Bement Health Care Center, exercised significant control over the necessary components of the day-to-day operations of Bement Health Care Center's business." In particular, Petersen Health Care Management allegedly controlled Bement Health Care Center's budget and finances, hirings and firings, staffing, training, consultant contracts, operating policies and procedures, and quality of care.

¶ 6         On November 8, 2019, defendants filed a motion to transfer the case to Piatt County on the ground of *forum non conveniens* under Rule 187. Defendants argued Peoria County had "no practical relationship to" the allegations or the parties. Defendants argued that Piatt County, the location of Bement Health Care Center, is where decedent received the care that resulted in her injuries and death. Likewise, the individual defendant, Leason, together with other fact witnesses associated with Bement Health Care Center, reside and work in Piatt County. Therefore, a

2

transfer to Piatt County would (1) "minimize staff disruptions and provide better or more continuity of care for the residents" of Bement Health Care Center; (2) avoid "additional and substantial burdens on [Bement Health Care Center] in terms of staffing and costs"; (3) allow easier access to medical records related to plaintiff's allegations; (4) advance Piatt County residents' interest in "policing health care rendered in Piatt County"; (5) avoid imposing "costs of suit and jury duty" on Peoria County residents; (6) avoid Peoria County's "highly crowded and less expeditious" court docket; and, (7) prevent plaintiff's forum shopping.

¶ 7    Attached to defendants' motion to transfer were the affidavits of three registered nurses, including Leason. In each affidavit, the nurse-affiant attested that she resided in Piatt County, worked at Bement Health Care Center, and cared for decedent during the time frame relevant to this case. In addition, each affidavit included the following statements of the nurse-affiant:

"9.    It would be inconvenient to me both personally and professionally to have the above-captioned case tried in Peoria County if I were required to personally appear, as I spend no professional time in Peoria County and it would create an inconvenience trying to obtain coverage for my professional duties if I was required to be in Peoria County, as well as detract from time I am able to spend with residents and their families.

10.    It would be more convenient to me to have any proceedings in Piatt County, where I work and live, as I would be in close proximity to residents or others needing care or information. Transferring the above-captioned case to Piatt County would avoid staff disruptions and any impediment in the care and treatment provided to residents at Bement Health Care Center."

¶ 8    In a response to defendants' motion to transfer, filed February 18, 2020, plaintiff argued that no exceptional circumstances warranted granting defendants' motion to transfer to Piatt County. Plaintiff argued that, although she resides in Champaign County and the alleged injuries that contributed to decedent's death occurred in Piatt County, her choice of Peoria County as a forum was entitled to full deference from the trial court. Plaintiff stated defendants failed to show how they would be inconvenienced by proceedings in Peoria County. The corporate defendants, as well as their manager, are located in Peoria County, where they operate two other nursing home facilities. In addition, defendants' alleged failure to budget for equipment and services and to institute regulatory guidelines at Bement Health Care Center occurred in Peoria County.

¶ 9    Plaintiff's response to the motion to transfer also took issue with defendants' contention that the location of testimonial and documentary evidence justified a transfer to Piatt County. In plaintiff's view, "[n]o single county ha[d] a predominant connection to the litigation" because the relevant witnesses were "scattered across multiple counties and states." Two of decedent's treating physicians and the corporate defendants' manager are located in or closer to Peoria County than Piatt County. Other treating physicians and witnesses are located in Cook County, Champaign County, Fort Wayne and Noblesville, Indiana, and Dubuque, Iowa. As for documentary evidence, plaintiff posited, "at a time when medical records are offered in an electronic format," the location of physical medical records is irrelevant to a motion to transfer.

¶ 10    Further, since the corporate defendants are located in Peoria County, plaintiff maintained that Peoria County's residents have an interest in this litigation. Acknowledging that Peoria County has a heavier case load than Piatt County, plaintiff argued that Peoria County "enjoys proportionately greater resources," which results in more efficiently resolved cases.

4

¶ 11       On March 20, 2020, the trial court held a hearing on defendants' pending motion to transfer the case to Piatt County. After receiving arguments, the trial court found, on the record, "[t]he plaintiff is *** generally entitled to their choice of forum." The trial court found only two factors favored a transfer to Piatt County—the "public interest factor in deciding controversies locally" and "the private interest factor of convenience of the parties." However, with respect to the latter factor, the trial court found "that's relatively a small convenience because there's *** a convenience on the other side to at least the members of the Petersen Corporate."

¶ 12       The trial court also commented on the convenience to witnesses, stating "certain of the witnesses would have *** less distance to travel. And I note[] there was even somebody from Fort Wayne, Indiana, and if they're going to drive, then they're certainly closer to driving to Piatt County. But if they're going to fly, *** the drive *** from either airport, I believe, is going to be shorter coming over to Peoria." The trial court continued, "some of the other witnesses from, like, Iowa certainly, probably are going to drive, and it would be easier to get to Peoria."

¶ 13       As a result, the trial court could not "say the convenience of the parties [to access witnesses] really help[ed] Piatt [County]." The trial court, mindful that plaintiff's choice of forum is given deference, observed the corporate defendants are located in Peoria County, where congested court dockets were not an issue. Thus, "the fairness of another county deciding another county's business" did not "strongly favor[] Piatt [County]." The trial court concluded that it could not find Peoria County was clearly an inconvenient forum. After the hearing, the trial court, without further findings, denied defendants' motion to transfer.

¶ 14       On May 19, 2020, defendants filed a timely petition for leave to file an interlocutory appeal under Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2019). On July 7, 2020, our court allowed defendants' petition for leave to file an interlocutory appeal.

¶ 15                                    II. ANALYSIS

¶ 16        On appeal, our court must decide whether the trial court erroneously denied defendants'

motion to transfer this case from plaintiff's chosen forum, Peoria County, to defendants'

requested forum, Piatt County, on the ground of *forum non conveniens*. The principles governing

the doctrine of *forum non conveniens* are well established. The doctrine assumes that multiple

forums have the power to hear a case. *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 12.

Therefore, a trial court may, in exceptional circumstances, decline to exercise jurisdiction and

instead transfer the case to a county that "better serve[s] the convenience of the parties and the

ends of justice." *Id.*; *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 442 (2006). In

this way, the doctrine "is founded in considerations of fundamental fairness and sensible and

effective judicial administration." *Fennell*, 2012 IL 113812, ¶ 14 (quoting *Gridley v. State Farm*

*Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005)).

¶ 17        When deciding a motion to transfer on the ground of *forum non conveniens*, the trial

court must balance certain public and private interest factors. *Id.* ¶ 17. The trial court evaluates

whether, under the totality of the circumstances, the factors "strongly favor[]" a transfer. *Id.*;

accord *Gridley*, 217 Ill. 2d at 170; *First American Bank v. Guerine*, 198 Ill. 2d 511, 517 (2002).

No one factor garners " 'central emphasis' " because then the doctrine " 'would lose much of the

very flexibility that makes it so valuable.' " *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167,

176 (2003) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50 (1981)).

¶ 18        The burden to prove that the relevant factors "strongly favor" disturbing the plaintiff's

choice of forum is on the defendant. *Langenhorst*, 219 Ill. 2d at 444. The defendant must prove

that the plaintiff's choice of a forum is inconvenient and that another forum is convenient for all

of the parties. *Schuster v. Richards*, 2018 IL App (1st) 171558, ¶ 23. This is a difficult standard

6

to satisfy, but the standard " 'does not foreclose *legitimate* transfers when the balance of factors *strongly* favor[] litigation in another forum.' " *Langenhorst*, 219 Ill. 2d at 443 (Emphasis in original.) (quoting *Guerine*, 198 Ill. 2d at 521).

¶ 19      A case involving *forum non conveniens* is "unique and must be considered on its own facts." *Fennell*, 2012 IL 113812, ¶ 21. A decision on a motion to transfer based on *forum non conveniens* lies within the sound discretion of the trial court. *Id*. A reversal is proper if the trial court, when weighing the factors relevant to such a decision, abuses its discretion, meaning no reasonable person would adopt its view. *Id*.

¶ 20                          A. Deference to Plaintiff's Choice of Forum

¶ 21      Apart from the above-referenced factors, when deciding the merits of a motion to transfer based on *forum non conveniens*, the trial court must give deference to a plaintiff's chosen forum. *Id*. ¶ 18. This is an important consideration because the plaintiff has a substantial right to select the forum for his or her lawsuit. *Id*. However, the amount of deference owed to the plaintiff's choice of forum is not the same in each case. *Id*. A trial court "accord[s] less deference" to the plaintiff's choice of forum if the forum is not where the plaintiff resides and is not where the action giving rise to the litigation occurred. *Id*. (citing *Gridley*, 217 Ill. 2d at 170); See also *Langenhorst*, 219 Ill. 2d at 442-43, 448. In this situation, the " 'assumption [of convenience] is no longer reasonable[]' " and, " '[i]nstead, it is reasonable to conclude that the plaintiff engaged in forum shopping to suit his individual interests.' [Citation]." *Dawdy*, 207 Ill. 2d at 174.

¶ 22      Here, it is undisputed that neither plaintiff nor decedent have a residency connection to Peoria County. Nonetheless, plaintiff argues that the actions giving rise to this litigation, at least in part, occurred in Peoria County. Plaintiff emphasizes that Petersen Health Care Management, located in Peoria County, "exercised significant control over the day-to-day operations of"

7

Bement Health Care Center. Essentially, the corporate defendants, located at their corporate headquarters in Peoria County, made decisions and instituted policies that negatively impacted decedent's quality of care in another county, Piatt County, resulting in decedent's subsequent death in McLean County. Consequently, plaintiff argues that her chosen forum, Peoria County, is entitled to full, not diminished, deference for purposes of our review.

¶ 23    We are not persuaded by plaintiff's argument. The actions giving rise to this litigation—the alleged injuries to decedent—occurred in Piatt County. The decisions and policies adopted by the corporate defendants at their headquarters in Peoria County would not have resulted in decedent's injuries but for the execution of those decisions and policies, by employees of the corporate defendants, at Bement Health Care Center in Piatt County. Therefore, since plaintiff is not a resident of Peoria County and the actions giving rise to this litigation did not occur there, we conclude that plaintiff's chosen forum must be "accorded less deference." See *Fennell*, 2012 IL 113812, ¶ 18 (citing *Gridley*, 217 Ill. 2d at 170); *Langenhorst*, 219 Ill. 2d at 442-43, 448.

¶ 24    With the level of deference to plaintiff's chosen forum resolved, we now consider whether the balance of the private and public interest factors require a reversal of the trial court's order denying defendant's motion to transfer the litigation from Peoria County to Piatt County.

¶ 25                              B. Private Interest Factors

¶ 26    The private interest factors relevant to deciding motions to transfer based on *forum non conveniens* include: (1) the convenience to the parties; (2) the ease of access to testimonial, documentary, and real evidence; (3) the availability of compulsory process to secure the attendance of unwilling witnesses; (4) the cost to obtain the attendance of willing witnesses; (5) the possibility of viewing the premises; and, (6) all other practical considerations that make a trial easy, expeditious, and inexpensive. *Fennell*, 2012 IL 113812, ¶ 15 (citing *Gulf Oil Corp. v.*

*Gilbert*, 330 U.S. 501, 508-09 (1947); See also *Gridley*, 217 Ill. 2d at 170; *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991); *Guerine*, 198 Ill. 2d at 516. We address each factor below.

¶ 27                                    1. The Convenience to the Parties

¶ 28        The trial court found the convenience to the parties favored a transfer to Piatt County. We agree. We are persuaded by defendants' argument that plaintiff's chosen forum, Peoria County, will create significant inconveniences for the individual defendant, Leason, and the other employees of Bement Health Care Center. We also agree the corporate defendants, in turn, will be inconvenienced by a negative impact to the daily operations of Bement Health Care Center.

¶ 29        Specifically, proceeding in Peoria County will impair the ability of Bement Health Care Center's employees—namely, Leason, the two other nurses-affiants, and the administrator and dietician, who are all potential witnesses—to provide medical care in the wake of a global pandemic. The ongoing litigation in Peoria County will not minimize the amount of time that those essential healthcare workers will be pulled away from their work responsibilities, creating disruptions to staffing and disturbances in continuity of care, to be present in court. Likewise, the corporate defendants could face shift shortages, overtime costs, decreased quality of medical care to residents, and potential liability if the litigation remains in plaintiff's chosen forum.

¶ 30        These considerations are bolstered by the affidavits of Leason and the two other nurses-affiants, who reside and work at Bement Health Care Center in Piatt County. See *Bruce v. Atadero*, 405 Ill. App. 3d 318, 325 (2010) (First District finding private interest factors clearly weighed in favor of defendants, where doctor and nurse "presented affidavits averring that it would be more convenient to have th[e] matter tried in McHenry County *** because it would allow [them] to see patients and fulfill some of [their] daily responsibilities."). Thus, we share the trial court's determination that this private interest factor favors a transfer to Piatt County.

9

¶ 31        2. The Ease of Access to Testimonial, Documentary, and Real Evidence

¶ 32        "[T]he location of documents, records and photographs ha[ve] become a less significant factor in *forum non conveniens* analy[ses] in the modern age of Internet, email, telefax, copying machines, and world-wide delivery services." *Fennell*, 2012 IL 113812, ¶ 36. Therefore, the ease of access to documentary or real evidence is an insignificant factor in our analysis. See *id*.

¶ 33        Now, we consider the ease of access to testimonial witnesses, which the trial court viewed as a neutral factor that did not "really help Piatt [County]." Three witnesses, including Leason and the two other nurses-affiants, reside and work at Bement Health Care Center in Piatt County. Four other witnesses—the administrator of Bement Health Care Center and three of decedent's treating physicians—reside in or work at a location closer to Piatt County than Peoria County. These witnesses are located in Noblesville, Indiana, Cook County, Champaign County, and Fort Wayne, Indiana. Based on the information offered by defendants, we agree that these four witnesses, in terms of mileage, are located closer to the Piatt County Courthouse than the Peoria County Courthouse.[1] See *People v. Clark*, 406 Ill. App. 3d 622, 632-34 (2010).

¶ 34        Thus, 7 of the 11 witnesses are located closer to or in Piatt County. Just four witnesses reside or work closer to or in Peoria County. Two of these witnesses, located in Woodford County and Tazewell County, were decedent's treating physicians. However, the case law states, "[o]ne should be cautious *** not to give undue weight to the fact that a plaintiff's treating physician *** has an office in [or near] the plaintiff's chosen forum." *Bland v. Norfolk and Western Ry. Co.*, 116 Ill. 2d 217, 227 (1987). Doing so "would allow a plaintiff to easily frustrate the *forum non conveniens* principle by selecting as a witness a treating physician *** in what

_____

[1]Defendants request judicial notice of this fact on appeal. As support, defendants cite to the addresses of these witnesses in the common law record. Defendants also cite printouts from Google Maps, which generally reflect the distances between each witness and Piatt County and Peoria County.

10

would, in reality, be an inconvenient forum." *Id*. The two other witnesses—the corporate defendants' manager and Bement Health Care Center's dietician—are located in Peoria County and Dubuque, Iowa. As a result, we conclude the ease of access to testimonial evidence favors a transfer to Piatt County. See *Dawdy*, 207 Ill. 2d at 178 (supreme court holding, "[b]ecause the location of the accident [wa]s in Macoupin County, and the locations of the identified witnesses are on a whole closer to Macoupin County than Madison County, these factors slightly weigh in favor of the convenience of Macoupin County."); *Bruce*, 405 Ill. App. 3d at 325-26.

¶ 35   At this juncture, we expressly reject plaintiff's contention that, since the identified witnesses are located throughout Illinois and other states, neither Peoria County nor Piatt County have a predominant connection to the lawsuit, meaning plaintiff's chosen forum must prevail under *Guerine*. See *Guerine*, 198 Ill. 2d at 526. Plaintiff ignores the fact that the outcome of *Guerine* was nevertheless driven by a balancing of the private and public interest factors and the totality of the circumstances. *Id.* at 518, 526; See also *Dawdy*, 207 Ill. 2d at 183-84; *Schuster*, 2018 IL App (1st) 171558, ¶¶ 18-19. In addition, *Guerine* is inapplicable to this case.

¶ 36   Here, it is true that the witnesses are "scattered among several counties" and states. See *Guerine*, 198 Ill. 2d at 526. However, we disagree with plaintiff that "no single county enjoys a predominant connection to the litigation." See *id*. The individual defendant, Leason, and the two other nurses-affiants, reside and work for Bement Health Care Center in Piatt County, where plaintiff allegedly sustained injuries that resulted in her death. Three other witnesses, namely, the corporate defendant's manager and Bement Health Care Center's dietician and administrator, while not residents of Piatt County, work for and are involved in the day-to-day operations of that facility. Therefore, Piatt County clearly has a predominant connection to this litigation. See *id*.; See also *Dawdy*, 207 Ill. 2d at 183-84; *Schuster*, 2018 IL App (1st) 171558, ¶¶ 18-19.

¶ 37                    3. The Availability of Compulsory Process for Unwilling Witnesses and
the Cost to Obtain the Attendance of Willing Witnesses

¶ 38        As discussed above, 8 of the 11 potential witnesses are located in Illinois. The ease of using the compulsory process power to obtain the testimony of these witnesses has not been questioned. Two of the other witnesses, located in Dubuque, Iowa, and Noblesville, Indiana, are employees of the corporate defendants who are unlikely to evade the service of process from their current employer. The last witness, located in Fort Wayne, Indiana, was a treating physician of decedent. This witness could be compensated for the inconveniences of travel, rendering a refusal to appear less likely. See *Schuster*, 2018 IL App (1st) 171558, ¶ 33. Thus, although the trial court did not expressly rule on these factors, we conclude that the availability of compulsory process for unwilling witnesses and the cost of obtaining the attendance of willing witnesses slightly favors a transfer to Piatt County.

¶ 39                        4. The Possibility of Viewing the Premises

¶ 40        It is the possibility, not the necessity, of viewing the premises that is "an important consideration" when ruling on a motion to transfer based on *forum non conveniens*. See *Fennell*, 2012 IL 113812, ¶ 37. Here, the relevant premises are Bement Health Care Center, where decedent allegedly sustained injuries that contributed to her death. Bement Health Care Center is located in Piatt County. Therefore, this private interest factor favors a transfer to Piatt County.

¶ 41        For the foregoing reasons, we conclude that each private interest factor relevant to deciding a motion to transfer based on *forum non conveniens* favors a transfer to Piatt County.

¶ 42                                C. Public Interest Factors

¶ 43        The public interest factors relevant to deciding a motion to transfer based on *forum non conveniens* include: (1) the administrative difficulties of litigating a case in a congested venue;

(2) the unfairness of imposing jury duty on residents of a community with no connection to the case; and, (3) the interest of deciding controversies locally. See *Fennell*, 2012 IL 113812, ¶ 16 (citing *Gulf Oil*, 330 U.S. at 508-09; *Vinson*, 144 Ill. 2d at 311). We consider each factor below.

¶ 44                                    1. Administrative Difficulties of a Congested Venue

¶ 45        In relation to this public interest factor, the trial court found congested court dockets were not an issue in Peoria County. As support for their contrary position, defendants, in the trial court and now on appeal, cite the 2017 annual report of the Administrative Office of the Illinois Courts (annual report), which is "a proper reference in assessing court congestion." *Dawdy*, 207 Ill. 2d at 181. The annual report indicates, at the end of 2017, Piatt County had 831 civil cases pending and Peoria County had 4,675 civil cases pending. See Admin. Office of the Illinois Courts, Illinois Courts Statistical Summary (2017). The annual report also indicates the time lapse between the filing date and the date of verdict, in law cases worth over $50,000, was 32.9 months in Piatt County and nearly twice that amount, 67.6 months, in Peoria County. See *id*.

¶ 46        Plaintiff attempts to rebut the above-referenced data from the annual report by referencing the 2018 case "clearance rates" of Peoria County and Piatt County. Plaintiff's position is unpersuasive because the 2018 case "clearance rates" referenced on appeal appear to be from the entire Tenth Judicial Circuit Court and the entire Sixth Judicial Circuit Court. In other words, the case "clearance rates" do not specifically focus on Peoria County or Piatt County, respectively. As a result, we conclude that the data cited by defendants is more reliable on appeal. Based on defendants' data, we conclude that, while court congestion is a "relatively insignificant" public interest factor, it is nevertheless a public interest factor that favors a transfer to Piatt County. See *Fennell*, 2012 IL 113812, ¶ 43; *Dawdy*, 207 Ill. 2d at 181.

13

¶ 47                              2. Unfairness of Imposing Jury Duty on Residents of Peoria County
                                    and the Interest of Deciding Controversies Locally

¶ 48          For purposes of these two public interest factors, it cannot be disputed that Peoria County

has an interest in policing the policies and decision making of its corporate residents. A mere

interest, however, "does not necessarily mean that any time such a relationship exists, the chosen

forum is appropriate." *Fennell*, 2012 IL 113812, ¶ 44 (quoting *Jones v. Searle Laboratories*, 93

Ill. 2d 366, 377 (1982)). This would "cast doubt upon the continued vitality of the *forum non*

*conveniens* doctrine" because "any time there [wa]s a 'relevant connection' between the forum

and the litigation, defendant would be subject to suit in that forum regardless of the

inconvenience." *Id*. (quoting *Jones*, 93 Ill. 2d at 377). As a result, "[t]he public interest requires

that causes which are without significant factual connections to particular forums be ***

transferred to[] convenient forums." *Id*. This rule ensures that a forum without an interest or

connection to a case is not unfairly burdened with litigation. *Id*. (citing *Bland*, 116 Ill. 2d at 228).

¶ 49          Here, plaintiff is a resident of Champaign County. Decedent allegedly suffered injuries at

Bement Health Care Center in Piatt County before subsequently dying in McLean County. Piatt

County is also where five witnesses reside and/or work. In fact, 7 of the 11 identified witnesses

reside in or work at a location closer to Piatt County. By contrast, the only direct connection

between Peoria County and this case is the fact that the corporate defendants and their manager

are headquartered and operate two other facilities in that county. In our view, it is more

important that defendants own and operate the facility where decedent was allegedly injured.

From these facts, we conclude Piatt County has the more significant factual connection to this

litigation. See *id*. ¶¶ 44, 46.; *Bland*, 116 Ill. 2d at 229 (supreme court holding county did not

have "a sufficient factual connection with the litigation," where county was a location of

defendant's corporate residency, plaintiff's occasional work, and two out of five physicians).

14

¶ 50    As a result, the circumstances presented do not justify imposing jury duty on Peoria County residents or further burdening Peoria County's judicial resources and personnel. See *Fennell*, 2012 IL 113812, ¶¶ 44-45. Likewise, the circumstances do not justify allowing Peoria County residents, rather than Piatt County residents, to decide this case. Since decedent's injuries allegedly resulted from negligence at a Piatt County nursing home, the residents of that county have an "interest in having this localized controversy decided 'at home.' " See *id*. ¶ 46.; *Bruce*, 405 Ill. App. 3d at 326-27 (First District finding the public interest factors weighed heavily in favor of a trial in McHenry County, where "the acts or omissions alleged to have cause[d] the wrongful death of decedent occurred" there and "the forum of the injury clearly ha[d] a public interest in the medical care provided at its medical facilities by physicians to its residents.").

¶ 51    For the foregoing reasons, we conclude that each public interest factor relevant to deciding a motion to transfer based on *forum non conveniens* favors a transfer to Piatt County.

¶ 52                                III. CONCLUSION

¶ 53    We find that the trial court engaged in an incomplete *forum non conveniens* analysis and made findings that, at times, were inconsistent with the end result. As discussed above, there are no public or private interest factors that weigh in favor of this lawsuit proceeding in Peoria County. Therefore, the trial court abused its discretion by denying defendants' motion to transfer this case to Piatt County. After according plaintiff's choice of forum the appropriate deference and balancing the relevant private and public interest factors, we hold that the totality of the circumstances "strongly favor[]" a transfer to Piatt County. See *Fennell*, 2012 IL 113812, ¶ 17-18; *Gridley*, 217 Ill. 2d at 170; *Guerine*, 198 Ill. 2d at 517. The judgment of the circuit court of Peoria County is reversed and remanded with directions to transfer this case to Piatt County.

¶ 54    Reversed and remanded with directions.

¶ 55        JUSTICE O'BRIEN, dissenting:

¶ 56        I respectfully dissent from my colleagues for the following reasons.

¶ 57        As our supreme court aptly stated in *Guerine*, 198 Ill. 2d 511, "the battle over forum begins with the plaintiff's choice already in the lead. Though the plaintiff's choice is not absolute, intrastate transfer is appropriate only when the litigation has 'no practical connection' (*Peile v. Skelgas*, 163 Ill. 2d 323, 336 (1994)) no nexus, with the plaintiff's chosen forum." *Guerine*, 198 Ill. 2d at 521. Because the defendant's corporate headquarters are located in Peoria County, it is the defendant's county of residence for purposes of discussion of intrastate forum transfer, and as such the defendant cannot argue that Peoria County lacks either practical connection or nexus to the underlying litigation. *Kwasniewski v. Schaid*, 153 Ill. 2d 550, 555 (1992). In cases where the plaintiff has filed its litigation in the defendant's home forum, our supreme court has found that choice is to be given greater weight than the place where the incident took place. *Id.* Likewise, when considering whether a transfer is necessary to accommodate witness attendance, our supreme court instructs "[t]he defendant must show that the plaintiff's chosen forum is inconvenient to the defendant and another forum is more convenient to *all* parties." (Emphasis added.) *Guerine*, 198 Ill. 2d at 518 (citing *Hall v. CBI Industries, Inc.*, 264 Ill. App. 3d 299, 303 (1994); *Kwasniewski*, 153 Ill. 2d at 555). Further, "[t]he doctrine *** was designed to give the courts 'discretionary power which should be exercised *only in exceptional circumstances ***.*' " (Emphasis in original.) *Guerine*, 198 Ill. 2d at 520 (quoting *Peile*, 163 Ill. 2d at 335).

¶ 58        In this matter, the trial court carefully considered the arguments presented by both parties and weighed each of the factors, noting the only factor that clearly favored transfer was the public interest factor of deciding controversies locally. The trial court further found that a change

16

of venue to Piatt County would only be convenient for some of the witnesses and therefore found that the defendants had only partially satisfied their burden of demonstrating that the private interest factor of convenience of the parties favored a transfer of venue. Reviewing the trial court's findings in light of the foregoing supreme court cases, it is clear the trial court did not abuse its discretion in denying the motion to transfer based on *forum non conveniens* and therefore I would affirm the trial court's decision.