2023 IL App (1st) 220045

FIFTH DIVISION
April 28, 2023

No. 1-22-0045

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| NIDIA C. MONTEAGUDO, as Independent Administrator of the Estate of Raul Monteagudo Garza, Deceased, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 21 L 2609 |
| THE GARDENS OF BELVIDERE, LLC d/b/a Park Place of Belvidere; AA HEALTHCARE MANAGEMENT, LLC; THOMAS L. MICHALSEN, D.O.; and PHYSICIAN ASSOCIATES, LTD. d/b/a Cherry Valley Medical Clinic, | ) ) ) ) ) ) ) | Honorable James N. O'Hara, Judge Presiding. |
| Defendants-Appellants. | ) ) | |

JUSTICE NAVARRO delivered the judgment of the court, with opinion.
Presiding Justice Delort and Justice Lyle concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Nidia C. Monteagudo, as Independent Administrator of the Estate of Raul Monteagudo Garza, deceased, filed an action based on negligence, wrongful death, and violations of the Nursing Home Care Act in the circuit court of Cook County against defendants, The Gardens of Belvidere, LLC d/b/a Park Place of Belvidere (Park Place); AA Healthcare Management, LLC, (AA Healthcare); Thomas L. Michalsen, D.O.; and Physician Associates, LTD d/b/a Cherry Valley Medical Clinic (Cherry Valley). Plaintiff's action was based on medical care and treatment her

father, the decedent, received at Park Place, a long-term care facility located in Boone County, Illinois. The circuit court denied defendants' joint motion to transfer the case to Boone County under Illinois Supreme Court Rule 187 (eff. Jan. 1, 2018) and the doctrine of *forum non conveniens*. Defendants subsequently filed in this court a petition for leave to appeal under Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2020), which this court granted.

¶ 2    Defendants contend that the circuit court abused its discretion when it denied their motion to transfer the case to Boone County because it gave undue deference to plaintiff's choice of forum where neither plaintiff resides nor the alleged negligence or injury occurred. Defendants also contend that the trial court misapprehended the public and private interest factors and that the factors strongly weigh in favor of transferring the case from Cook County to Boone County. We reverse and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4                              A. Plaintiff's Complaint

¶ 5    Plaintiff's complaint is based on allegations that defendants engaged in negligent acts or omissions that resulted in the decedent's death. She alleged claims based on negligence, wrongful death, and violations of the Nursing Home Care Act. Plaintiff alleged that the decedent was a resident of Park Place, a long-term care facility, and that on December 23, 2019, the decedent had a critically high level of digoxin in his system, which placed him at a risk for cardiac complications. On December 27, 2019, the decedent's heart rate dropped below the baseline, after which he was admitted to the hospital and was diagnosed with a digoxin overdose, resulting in a junctional heart rhythm. The decedent died on January 2, 2020. Plaintiff alleged that the nursing staff at Park Place and Dr. Michalsen, his primary care physician at Park Place, overprescribed digoxin. She alleged that the nursing staff and Dr. Michalsen should have known that the decedent

had a critically high level of digoxin in his system and that they failed to, among other things, significantly lower the digoxin doses, recheck the digoxin levels, and properly monitor his cardiac function. As a result, the decedent had a supratherapeutic level of digoxin, which caused junctional heart rhythm and death.

¶ 6        Plaintiff further alleged as follows. Plaintiff and the decedent were residents of Belvidere, Boone County. Park Place and its principal place of business were located in Belvidere, Boone County. Defendant AA Healthcare was the registered agent and management company for Park Place and was located in the Village of Skokie, in Cook County. Dr. Michalsen was a resident of Rockford, Illinois, in Winnebago County. Dr. Michalsen was an actual and/or apparent agent and/or employee of defendant Cherry Valley, which had its principal place of business in Rockford, Illinois, in Winnebago County.

¶ 7                        B. Defendants' Joint Motion to Transfer Venue

¶ 8        Defendants filed a joint motion to transfer venue pursuant to Rule 187 and the doctrine of *forum non conveniens*. Defendants contended that plaintiff's complaint did not include any facts that tied her claims to Cook County. Defendants argued that plaintiff's choice of forum in Cook County was entitled to less deference because plaintiff did not live there and the injury did not occur there. Defendants contended that the private interest factors weighed in favor of transferring the case to Boone County.

¶ 9        Defendants asserted that the evidence was more easily available in Boone County and there were no practical problems posed by having the case heard there. Defendants stated that plaintiff and the decedent's family members resided in Boone County and defendants were located in Boone and Winnebago Counties. They argued that the medical care and alleged injury at issue occurred at defendant Park Place, located in Boone County and 1.8 miles from the Boone County

courthouse, and that the decedent was subsequently transferred to Swedish American Hospital, located in Winnebago County. Defendants asserted that defendants Dr. Michalsen and Cherry Valley were residents of Rockford, in Winnebago County. Defendants explained that five employees of Park Place who provided care to the decedent and may be called as witnesses resided in Boone County and that Park Place's administrator resided in McHenry County, which is contiguous to Boone County. The social worker and physician assistant involved in the decedent's care as well as the Director of Nursing at Park Place resided in Winnebago County.

¶ 10 To support their argument, defendants attached to their motion affidavits from four employees of Park Place who provided care to the decedent at Park Place, including a staff nurse, a licensed practical nurse, and two registered nurses.[1] These employees live in Boone County and are located between 1.2 and 9.6 miles from the Boone County courthouse and between 76.2 and 87 miles from the Daley Center in Cook County. They each stated that it would be inconvenient if the case were to proceed to trial in Cook County. Defendants also attached an affidavit from Dr. Michalsen, in which he asserted that he lived in Winnebago County, 6.3 miles from the Boone County courthouse, and it would be inconvenient for him to attend trial in Cook County. He also stated that he was the president of his medical practice, Cherry Valley, which was located 8.1 miles from the Boone County Courthouse and 78.5 miles from the Cook County courthouse, and that defending the case in Cook County would be a significant hardship to his patients in his practice of medicine as a sole practitioner. Defendants also attached an affidavit from the social worker involved in the decedent's care, who averred she lived in Winnebago County, 14.3 miles from the Boone County courthouse and 89.5 miles from the Daley Center. Defendants attached an affidavit

---

[1] In defendants' joint motion to transfer, they asserted that they attached to their motion five affidavits from five employees of Park Place, including affidavits from Reyna Rocha, Kim Adams, Rudy Albrecht, Sharon Martin, and Debra Sawallisch. However, the motion included in the record on appeal is missing the exhibit containing the affidavit from Rocha.

from Park Place's administrator, who averred she lived in McHenry County, 26.1 miles from the Boone County courthouse and 65.1 miles from the Daley Center. Both the social worker and administrator stated it would be inconvenient for them if the trial was held in Cook County.

¶ 11    Defendants further asserted that Swedish American Hospital was located in Winnebago County, 12.4 miles from the Boone County courthouse. The four treating physicians at Swedish American Hospital resided in Winnebago County and their workplace addresses were located between 9.4 and 12.7 miles from the Boone County courthouse and between 84.5 and 87.4 miles away from the Daley Center in Cook County. DaVita Dialysis, the dialysis center where the decedent received care, was located in Boone County, 1.6 miles from the Boone County Courthouse and 73.5 miles from the Daley Center in Cook County. Defendants attached to their motion printouts from Google Maps to support their assertions with respect to these distances.

¶ 12    As for the public interest factors, defendants argued that the citizens of Boone County had a greater interest in adjudicating the case involving the care received by a Boone County resident, a nursing home located in Boone County, and a physician located in neighboring Winnebago County. Defendants argued that it would be unfair to impose jury duty or the cost of litigating this case on the Cook County residents or courts because there were no ties to Cook County. Defendants also argued that the Cook County courts were substantially busier than the Boone County courts and litigating this case in Boone County would impose far less of a burden than it would on Cook County. They asserted that in the third quarter of 2020, the Law Division in Cook County had 26,023 cases pending, while the same division in Boone County had 79. Defendants also asserted that between 2019 and 2020, the COVID-19 pandemic caused an increase in 4779 cases in Cook County, but that Boone County remained stable. To support its arguments,

defendants attached to their motion reports of the Illinois civil and domestic relations caseload statistics by county for the third quarters in 2019 and 2020.

¶ 13                                C. Plaintiff's Response

¶ 14        Plaintiff argued that AA Healthcare was the management company for Park Place and was located in Cook County. Plaintiff asserted that AA Healthcare managed nursing homes throughout Cook County and its activities and involvement with Park Place was the primary reason for keeping the case in Cook County. Plaintiff asserted that AA Healthcare objected to every question in plaintiff's interrogatories and requests to produce that related to AA Healthcare's business activities in Cook County and its relationship with and management services provided to Park Place. Plaintiff also asserted that Park Place objected to any interrogatories and requests to produce regarding its relationship with AA Healthcare. She argued that defendants could not meet their burden by withholding information and Cook County residents had an interest in overseeing the acts of AA Healthcare, a Cook County company. Plaintiff attached to her response AA Healthcare's and Park Place's answers to plaintiff's *forum non conveniens* interrogatories and requests to produce.

¶ 15                                D. Defendants' Reply

¶ 16        Defendants argued that there were no witnesses from AA Healthcare with any personal knowledge of the medical care that the decedent received and that none of the key witnesses who were involved in the decedent's care were AA Healthcare employees. Defendants also noted that the three other defendants provided plaintiff with responses to her written discovery that fully complied with her requests, noting that, in Park Place's answer to the *forum non conveniens* interrogatories, Park Place identified 15 potential witnesses and two health care institutions, none located in Cook County.

¶ 17          E. Circuit Court's Order on AA Healthcare's Supplemental Responses

to *Forum Non Conveniens* Discovery

¶ 18          Following briefing, the circuit court entered an order that continued defendants' joint motion to transfer and ordered AA Healthcare to answer certain *forum non conveniens* discovery requests from plaintiff. The court noted that a written ruling would follow after AA Healthcare complied with the court's order.

¶ 19          Thereafter, AA Healthcare issued its supplemental answers to plaintiff's *forum non conveniens* interrogatories and requests to produce. It identified three employees of AA Healthcare who provided consulting or management services to Park Place, including the director of operations and the chief financial officer, who both lived in Chicago, and the vice president of nursing services, who lived in McHenry County. Asked to describe its relationship with Park Place, AA Healthcare stated it "provides consulting" to Park Place. Other than Park Place, AA Healthcare identified two other facilities in Illinois, one in Lake County and one in McHenry County, in which an employee or agent of AA Healthcare provided consulting or management services.

¶ 20          F. Circuit Court's Order on Defendants' Joint Motion to Transfer Venue

¶ 21          On December 13, 2021, the circuit court issued a written order denying defendants' joint motion to transfer. In doing so, the court noted that plaintiff's choice of forum was entitled to less deference, as plaintiff and the decedent lived in Boone County and the alleged negligence occurred there. The court concluded that the private interest factors did not favor transfer. It stated that plaintiff chose to file the action in Cook County, so it was assumed that it was convenient for her. It noted that AA Healthcare, which was located in Cook County, was the registered agent for Park Place so Cook County could not be inconvenient for these defendants.

¶ 22    The court also found that the relative ease of access to evidence did not favor transfer, noting that the evidence showed that the witnesses were located in Boone, Winnebago, McHenry, and Cook Counties. The court further stated that AA Healthcare's answers to *forum non conveniens* discovery pointed to witnesses in Cook County, stating that it identified two individuals located in Cook County who provided consulting and management services to Park Place. The court also concluded that the evidence showed that some witnesses would be inconvenienced regardless of where the case was litigated and noted that, "[p]erhaps if there were evidence indicating the importance and priority of certain witnesses, the Court might look differently on the inconvenience to certain witnesses."

¶ 23    As for the public interest factors, the court stated that Cook County had an interest in the case because it was where a named defendant, AA Healthcare, resided and where Park Place chose to place its registered agent. It stated that AA Healthcare's connections with Cook County established that Cook County had at least some localized interest in the case, and it would be reasonable to expect Cook County to bear the burden of jury duty. The court acknowledged the congested nature of the Cook County docket but found that this factor was not a reason to transfer the case "where no other factors *strongly* favors transfer." (Emphasis in original.)

¶ 24    Thereafter, defendants filed a petition for leave to appeal under Rule 306(a)(2), which this court granted. This appeal follows.

¶ 25                                II. ANALYSIS

¶ 26    On appeal, defendants contend that Boone County is the most appropriate forum for this case, asserting that Boone County is where most of the witnesses and plaintiff reside, where the alleged negligence occurred, and where defendant Park Place is located. Defendants also assert that Boone County is next to Winnebago County, which is where defendants Dr. Michalsen and

Cherry Valley are located. Defendants argue that the circuit court gave undue deference to plaintiff's choice of forum in Cook County, even though her choice of forum is entitled to less deference, as she chose to file the action in a foreign forum rather than her home forum or where the conduct at issue occurred. Defendants claim that plaintiff engaged in forum shopping when she chose to file the action in Cook County. They argue that the circuit court improperly emphasized defendant AA Healthcare's presence in Cook County and assert that AA Healthcare's business activities in Cook County are not related to the alleged negligence arising out of the care and treatment the decedent received at Park Place in Boone County. Defendants contend that the private and public interest factors strongly weigh in favor of transfer to Boone County.

¶ 27       A trial court's decision on a *forum non conveniens* motion is reviewed for abuse of discretion. *Pierce v. Cherukuri*, 2022 IL App (1st) 210339, ¶ 19. A trial court abuses its discretion when no reasonable person would take the view the court adopted. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 177 (2003).

¶ 28       Under section 2-101 of the Code of Civil Procedure, an action must be commenced in (1) the county of residence of any defendant who is joined in good faith or (2) "the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101 (West 2020). However, if there "exists more than one potential forum, the equitable doctrine of *forum non conveniens* may be invoked to determine the most appropriate forum." *Dawdy*, 207 Ill. 2d at 171. "*Forum non conveniens* is an equitable doctrine directed at promoting principles of fundamental fairness and sensible and effective judicial administration." *Czarnecki v. Uno-Ven Co.*, 339 Ill. App. 3d 504, 508 (2003). "The doctrine allows the court in which the action was filed to decline jurisdiction and direct the lawsuit to an alternative forum that the court

determines can better serve the convenience of the parties and the ends of justice." *Dawdy*, 207 Ill. 2d at 171-72.

¶ 29    In deciding a *forum non conveniens* motion, a circuit court "must balance private interest factors affecting the litigants and public interest factors affecting the administration of the courts." (Internal quotation marks omitted.) *Kuhn v. Nicol*, 2020 IL App (5th) 190225, ¶ 11. The private interest factors include

> "(1) convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; (3) the availability of compulsory process to secure attendance of unwilling witnesses; (4) the cost to obtain attendance of willing witnesses; (5) the possibility of viewing the premises, if appropriate; and (6) all other practical considerations that make a trial easy, expeditious, and inexpensive." *Pierce*, 2022 IL App (1st) 210339, ¶ 22.

¶ 30    The public interest factors include (1) the community's interest in having localized controversies resolved locally, (2) the unfairness resulting from imposing the expense of trial and the burden of jury duty on residents of a county that has minimal connection to the litigation, and (3) the administrative difficulties caused by adding further litigation to already congested court dockets. *Hale v. Odman*, 2018 IL App (1st) 180280, ¶ 31; *Czarnecki*, 339 Ill. App. 3d at 508-09.

¶ 31    Another factor a circuit court considers is the plaintiff's choice of forum (*Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 18), which is "entitled to substantial deference" (*Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 448 (2006)). It is reasonable to assume that when a plaintiff files an action in the forum of his or her home or the forum of where the accident or injury occurred, then the plaintiff's choice of forum is convenient. *Fennell*, 2012 IL 113812, ¶ 18. However, a plaintiff's choice of forum is not entitled to the same deference or

consideration in all cases. *Id.* Rather, when a plaintiff chooses a forum where he or she does not reside or where the cause of action did not occur, "the plaintiff's choice of forum is accorded less deference." *Id.*

¶ 32 When making a determination on a *forum non conveniens* motion, " 'a court is to take all the relevant factors into account, giving each factor, including plaintiff's choice of forum, proper deference or weight under the circumstances.' " *Dawdy*, 207 Ill. 2d at 176 (quoting *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 108 (1990)). The court should not put too much weight on any one factor, and it should not weigh the factors against each other. *Schuster v. Richards*, 2018 IL App (1st) 171558, ¶ 22. Instead, a court should balance all the factors together and view them within the totality of the circumstances. *Id.* The defendant has the burden to establish that the balance of relevant private and public interest factors "strongly favors" transfer. (Internal quotation marks omitted.) *Kuhn*, 2020 IL App (5th) 190225, ¶ 11.

¶ 33 We conclude that the circuit court abused its discretion in denying defendants' joint motion to transfer to Boone County. We acknowledge plaintiff's right to choose the forum in Cook County but, after reviewing the record and applying the principles above, the private and public interest factors strongly favor transfer to Boone County.

¶ 34 A. Plaintiff's Choice of Forum

¶ 35 We first address the deference we should afford to plaintiff's choice of forum. See *Vivas v. Boeing Co.*, 392 Ill. App. 3d 644, 657 (2009) ("Before weighing the relevant factors, a court must first decide how much deference to give to a plaintiff's choice of forum."). Plaintiff is a resident of Boone County and the alleged negligence and injury occurred at Park Place, which is located in Boone County. Thus, plaintiff's choice of forum is entitled to less deference. See *Fennell*, 2012 IL 113812, ¶ 26.

¶ 36        B. Private Interest Factors

¶ 37  Turning to private interest factors, we first address the convenience of the parties. With respect to this factor, " 'the defendant must show that the plaintiff's chosen forum is inconvenient to the *defendant*.' " (Emphasis in original.) *Benedict v. Abbott Laboratories, Inc.*, 2018 IL App (1st) 180377, ¶ 39 (quoting *Langenhorst*, 219 Ill. 2d at 450). Further, the defendant may not claim that the plaintiff's choice of forum is inconvenient to the plaintiff. *Id.*

¶ 38  We find that the convenience of the parties strongly favors Boone County. Plaintiff lives in Boone County, and the alleged negligence that led to the decedent's death occurred at defendant Park Place, located in Boone County. We take judicial notice that the distance from Park Place to the Boone County courthouse is 1.8 miles while it is about 70 miles to the Cook County courthouse. Compare Driving Directions from Park Place of Belvidere to Boone County Courthouse, Google Maps, http://www.google.com/maps (last visited Apr. 7, 2023) [https://perma.cc/2BNG-UZVW], with Driving Directions from Park Place of Belvidere to Circuit Court of Cook County, Google Maps, http://www.google.com/maps (last visited Apr. 7, 2023) [https://perma.cc/MV3D-HLQZ]; see *People v. Stiff*, 391 Ill. App. 3d 494, 504 (2009) (we may take judicial notice of distances using Google Maps). Further, defendants Dr. Michalsen and Cherry Valley are located in Winnebago County. We also take judicial notice that Winnebago County is contiguous to Boone County. See *Kwasniewski v. Schaid*, 153 Ill. 2d 550, 554 (1992) (the court took judicial notice that the counties were adjacent). According to Dr. Michalsen's affidavit, his medical practice, Cherry Valley, is located 8.1 miles from the Boone County courthouse and 78.5 miles from the Cook County courthouse. Dr. Michalsen lives 6.3 miles from the Boone County courthouse and 78.4 miles from the Cook County courthouse. Dr. Michalsen also stated in his affidavit that it would be inconvenient for him and a significant hardship to his

patients in his practice of medicine as a sole practitioner if the case were to proceed to trial in Cook County.

¶ 39    The circuit court found that the convenience of the parties did not favor transfer, noting that defendant AA Healthcare, which is the registered agent for Park Place, is located in Cook County. However, the record does not show that AA Healthcare provided any medical care to the decedent or that any AA Healthcare employees have knowledge about the alleged medical negligence that occurred at Park Place that led to his death. Based on these circumstances, we cannot find that the location of defendant AA Healthcare's principal place of business in Cook County means that Cook County is convenient for all the parties. See *Smith v. Jewel Food Stores, Inc.*, 374 Ill. App. 3d 31, 34-35 (2007) (concluding that "the defendants' mere conduct of business in Cook County has no [e]ffect on the *forum non conveniens* motion").

¶ 40    Accordingly, considering the totality of the circumstances—including that plaintiff resides in Boone County, the alleged negligence occurred in Boone County, defendant Park Place is located in Boone County, and defendants Dr. Michalsen and Cherry Valley are located closer to Boone County than Cook County—defendants have established that Cook County is inconvenient to defendants and that the convenience of the parties favors Boone County. See *Hale*, 2018 IL App (1st) 180280, ¶ 35 (finding that the convenience of the parties favored Kane County because both the defendant and the plaintiff resided there).

¶ 41    We next address the second factor, the relative ease of access to sources of testimonial and documentary evidence. Initially, with respect to the documentary evidence, we recognize that "the location of documents, records and photographs has become a less significant factor in *forum non conveniens* analysis in the modern age of Internet, email, telefax, copying machines, and world-wide delivery services, since those items can now be easily copied and sent." *Fennell*,

2012 IL 113812, ¶ 36. Thus, although Park Place stated in its answers to *forum non conveniens* discovery that the medical chart is located at Park Place in Boone County, the relative ease of access to this evidence is not as significant. See *Inman v. Howe Freightways, Inc.*, 2022 IL App (1st) 210274, ¶ 47.

¶ 42    Turning to the ease of access to testimonial evidence, the circuit court concluded that this factor did not favor transfer, noting that the evidence showed that witnesses were scattered among Boone, Winnebago, McHenry, and Cook Counties. However, the record does not support this conclusion. Rather, the record shows that the witnesses are predominantly located in Boone County or Winnebago County, which is closer to Boone County than Cook County.

¶ 43    Defendants identified a total of 17 individuals, which includes a combination of Park Place employees and potential witnesses, of which 15 live or work in Boone County or Winnebago County, one lives in McHenry County, and one lives in Lake County. Defendants attached to their motion to transfer venue affidavits from four potential witnesses employed by Park Place, who each averred they live in Boone County, and it would be inconvenient if the case were to procced to trial in Cook County.[2] These employees live between 1.2 and 9.6 miles from the Boone County courthouse and between 76.2 and 87 miles from the Daley Center in Cook County. In addition, defendants attached to their motion an affidavit from the social worker involved in the decedent's care at Park Place, who averred that she lives in Winnebago County, 14.3 miles from the Boone County courthouse. She lives 89.5 miles from the Daley Center and stated it would be inconvenient for her if the case were to be tried in Cook County. As previously discussed, Dr. Michalsen averred in his affidavit that he lives in Winnebago County, 6.3 miles from the Boone County courthouse.

---

[2]As previously noted, in defendants' joint motion to transfer, they assert that it attached five affidavits from five employees of Park Place. However, the joint motion to transfer included in the record on appeal only includes the affidavits from four employees—Kim Adams, Rudy Albrecht, Sharon Martin, and Debra Sawallisch.

Dr. Michalsen's medical practice, Cherry Valley, is 8.1 miles from the Boone County courthouse, while it is 78.5 miles from the Cook County courthouse. In addition, the record also shows that the Director of Nursing and the MDS Coordinator at Park Place during the relevant time period reside in Winnebago County and that two physical therapists at Park Place live in Boone County. Further, defendants attached an affidavit from Park Place's administrator who lives in McHenry County. She averred that she lives 26.1 miles from the Boone County courthouse and 65.1 miles from the Daley Center and it would be inconvenient if the case were to proceed in Cook County.

¶ 44    In addition, other potential witnesses involved in the decedent's medical care before he died are located or work in Winnebago County. After the alleged negligence occurred at Park Place, the decedent was transferred to Swedish American Hospital in Winnebago County, which is located 12.4 miles from the Boone County courthouse and about 86 miles from the Cook County courthouse. Defendants identified four treating physicians from the hospital as well as their workplace addresses, all of which are closer to Boone County than Cook County, as they are between 9.4 and 12.7 miles from the Boone County courthouse and between 84.5 and 87.4 miles from the Cook County courthouse. We note that plaintiff argues that this court cannot speculate about the inconvenience of the treating physicians from Swedish American Hospital because defendants did not disclose their names and addresses. However, in defendants' joint motion to transfer, they identified the names and workplace addresses for these physicians. We can therefore infer the relative convenience of these witnesses based on their workplace addresses. See *Koss Corp. v. Sachdeva*, 2012 IL App (1st) 120379, ¶ 106 ("[W]e know of no rule that bars a trial court from inferring the relative convenience of alternative forums, based on its knowledge of their residence and workplace.").

¶ 45      In concluding that the witnesses were scattered among counties, the circuit court stated that AA Healthcare's answer to *forum non conveniens* discovery pointed to witnesses in Cook County. The record shows that two of AA Healthcare's employees, the Director of Operations and Chief Financial Officer, live in Cook County. AA Healthcare identified these employees as individuals who provided "consulting or management services" to Park Place. However, the record does not show that these individuals provided consulting services related to the alleged medical care and negligence at issue here or that they have any knowledge of it. Neither Park Place nor AA Healthcare identified any employees from AA Healthcare as potential witnesses. Thus, given that the majority of witnesses who have knowledge of the alleged negligence that led to the decedent's death live in Boone County or closer to Boone County than Cook County, the location of these two individuals in Cook County is insignificant. See *Bruce v. Atadero*, 405 Ill. App. 3d 318, 326 (2010) (the court acknowledged the presence of damage witnesses in the plaintiff's chosen forum of Cook County but found that the convenience of the parties favored transfer to McHenry County, noting that the majority of witnesses who had knowledge of the conduct resulting in the decedent's death resided in McHenry County, where the defendant physician also lived).

¶ 46      Accordingly, the majority of the witnesses who were involved in or have knowledge of the medical care that the decedent received at Park Place live in Boone County or Winnebago County or are closer to Boone County than Cook County. We therefore find that the ease of access to sources of testimonial evidence favors Boone County. See *Kuhn*, 2020 IL App (5th) 190225, ¶¶ 12, 14 (ease of access to evidence favored transfer from St. Clair County to Clinton County, where all medical personnel and records surrounding the plaintiffs' medical malpractice allegations were in Clinton County, the plaintiffs' injuries occurred there, and the witnesses were on the whole closer to Clinton County than St. Clair County).

¶ 47 The third factor, the availability of compulsory process to secure attendance of unwilling witnesses, is neutral. All disclosed witnesses reside in Illinois, so all witnesses are subject to subpoena in either Boone County or Cook County. See *Brandt v. Shekar*, 2020 IL App (5th) 190137, ¶ 45. As to the fourth factor, the cost to obtain attendance of willing witnesses, the circuit court did not address this factor. However, as discussed above, the majority of the parties and witnesses live or work in Boone County or closer to Boone County than Cook County. Thus, this factor favors Boone County, as a trial in Cook County would require extra travel time and overall higher costs for the witnesses. See *Hale*, 2018 IL App (1st) 180280, ¶ 46 (where the court concluded that the cost of attaining witnesses favored transfer to Kane County over Cook County, it noted that the majority of the witnesses either lived or worked in Kane and neighboring counties and only the damages witnesses resided in Cook County).

¶ 48 The fifth private interest factor is the possibility of viewing the premises, if appropriate. The circuit court did not address this factor. We acknowledge that in a case based on medical negligence, as here, viewing the premises may not be necessary. However, this factor "is not concerned with the *necessity* of viewing the site of the injury, but rather is concerned with the *possibility* of viewing the site, if appropriate." (Emphases in original.) *Dawdy*, 207 Ill. 2d at 178. The alleged negligence that caused the decedent's death occurred at Park Place in Boone County, so if the circuit court determined that viewing the premises would be appropriate, it would be unlikely for a jury of Cook County residents to travel to Boone County to view the Park Place facility. See *Kuhn*, 2020 IL App (1st) 190225, ¶ 15 (the court recognized that viewing the premises in the medical malpractice case was unlikely but concluded that if the circuit court decided that such a viewing was appropriate, it would not be rational for a jury of St. Clair County residents to

travel to Clinton County, where the alleged medical malpractice occurred). Accordingly, the fifth private interest favor weighs in favor of transfer to Boone County.

¶ 49    We next address the sixth factor, all other practical considerations that make a trial easy, expeditious, and inexpensive. The circuit court did not address this factor. As previously discussed, the medical providers, including the employees who cared for the decedent at Park Place, Dr. Michalsen, and the four treating physicians at Swedish American Hospital live or work in Boone County or Winnebago County, which is closer to Boone County than Cook County. As such, a trial in Cook County would require the medical providers to travel longer distances to Cook County, which would cause further disruptions in their professional responsibilities and clinical practices. See *Bruce*, 405 Ill. App. 3d at 326 (finding that all other practical considerations favored defendants because they showed that the defendant physician could more conveniently attend trial in McHenry County without affecting his practice, located in McHenry County). Accordingly, the sixth factor favors Boone County.

¶ 50    Viewing the private interest factors as a whole and considering the totality of the circumstances, we find that the private interest factors strongly favor Boone County over Cook County.

¶ 51                            C. Public Interest Factors

¶ 52    Turning to the public interest factors, the first factor is the community's interest in resolving localized controversies locally. For this factor, "our state supreme court has made clear that the location of the accident resulting in the litigation is the most substantial factor in giving any county a local interest." *Schuster*, 2018 IL App (1st) 171558, ¶ 37 (citing *Dawdy*, 207 Ill. 2d at 183). Here, plaintiff's allegations of medical negligence arise out of the medical care the decedent received at Park Place in Boone County. Thus, Boone County has a clear interest in the

medical care provided to its residents at its medical facilities. See *Bruce*, 405 Ill. App. 3d at 326-27 ("Given that the acts or omissions alleged to have caused the wrongful death of decedent occurred in McHenry County, the forum of the injury clearly has a public interest in the medical care provided at its medical facilities by physicians to its residents."). Accordingly, the first public interest factor favors Boone County.

¶ 53        We note that the circuit court concluded that Cook County has a significant interest in the case, noting that it is where AA Healthcare resides and where Park Place chose to place its registered agent. However, the presence of Park Place's registered agent in Cook County is not a significant factor. See *Czarnecki*, 339 Ill. App. 3d at 509 ("the presence of defendants' registered agents in Cook County and their conducting of unrelated business transactions in that county are not significant factors for *forum non conveniens* purposes"). Further in AA Healthcare's supplemental answers to *forum non conveniens* interrogatories, it stated that, other than Park Place, it provided consulting and management services to two other long-term facilities in Illinois, neither of which are located in Cook County. Thus, although AA Healthcare's principal office is in Cook County, merely conducting business in Cook County does not affect the *forum non conveniens* issue. See *Dawdy*, 207 Ill. 2d at 182 ("Merely conducting business" in a county "does not affect the *forum non conveniens* issue"). The circuit court also stated that "many potential witnesses" are located in Cook County. However, the record does not support this conclusion. In Park Place's answer to *forum non conveniens* interrogatories, it identified 17 employees and potential witnesses, none of whom live in Cook County. In AA Healthcare's supplemental answers to *forum non conveniens* interrogatories, it identified only two employees from Cook County who provided "consulting or management services" to Park Place, including the chief financial officer

and director of operations. Thus, the record does not support the conclusion that that are "many potential witnesses" from Cook County.

¶ 54    The next public interest factor is the unfairness resulting from imposing the expense of trial and the burden of jury duty on residents of a county that has minimal connection to the litigation. As previously discussed, the alleged negligence occurred at a medical facility in Boone County, so Boone County has a significant interest in this case. It would, therefore, not be unfair to burden the residents of Boone County with jury duty. See *id.* at 183 ("Most significantly, the fact that the accident occurred in Macoupin County gives the action a local interest."). Cook County residents should also not be burdened with jury duty when the cause of action did not occur there and had minimal connection there. See *Kuhn*, 2020 IL App (5th) 190225, ¶ 18 ("St. Clair County residents should not be burdened with jury duty when the action neither arose there nor has any relation to that county."). Accordingly, the second public interest factor favors Boone County.

¶ 55    We now address the third public interest factor, the administrative difficulties presented by adding further litigation to an already congested court. We note that we may consider court congestion, even though this factor alone is relatively insignificant. See *id.* ¶ 16; see also *Hale*, 2018 IL App (1st) 180280, ¶ 53. Defendants attached to their motion the 2019 and 2020 third quarter statistics reports from the Administrative Office of the Illinois Courts, which showed the civil and domestic relations caseload statistics by county. Our supreme court has stated that an annual report from the Administrative Office of the Illinois Courts is a proper reference when evaluating court congestion. *Dawdy*, 207 Ill. 2d at 181. The 2019 third quarter report showed that the number of cases pending in the Cook County Law Division with damages over $50,000 was 21,244. For this same quarter, Boone County had 75 pending cases. The 2020 third quarter report

showed that the number of cases pending in the Cook County Law Division with damages over $50,000 was 26,023. For this same quarter, Boone County had 79 pending cases. These reports show that the Boone County docket is less congested than Cook County. Therefore, the third public interest factor favors transfer to Boone County.

¶ 56    Viewing the public interest factors in their totality, the public interest factors strongly favor transfer to Boone County. In sum, from our review of the record and evaluation of the public and private interest factors, we find that the balance of the private and public interest factors weigh strongly in favor of transfer to Boone County. Accordingly, the circuit court abused its discretion when it denied defendants' joint motion to transfer based on Rule 187 and *forum non conveniens*.

¶ 57                                III. CONCLUSION

¶ 58    We reverse the circuit court's order denying defendants' joint motion to transfer based on *forum non conveniens*. We remand to the circuit court of Cook County with directions to transfer the cause to Boone County.

¶ 59    Reversed and remanded with directions.

*Monteagudo v. The Gardens of Belvidere, LLC*, **2023 IL App (1st) 220045**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 21-L-2609; the Hon. James N. O'Hara, Judge, presiding. |
| **Attorneys for Appellant:** | Lynn M. Reid, David M. Macksey, and Ava L. Caffarini, of Johnson & Bell, Ltd., and Karen Kies DeGrand and Monica L. Smit, of Donohue Brown Mathewson & Smyth LLC, both of Chicago, and J. Daniel Porter and Lisa R. Munch, of Langhenry, Gillen, Lundquist & Johnson, LLC, of Rockford, for appellants. |
| **Attorneys for Appellee:** | Brian K. Hetzer, of Duncan Law Group, LLC, of Chicago, for appellee. |