2023 IL App (1st) 230369-U

No. 1-23-0369

Order filed November 8, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| TERRI GREGORY, Independent Administrator of the Estate of Ellen Gregory, Deceased, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 20 L 13176 |
| FOREST CITY REHAB AND NURSING CENTER, LLC; FOREST CITY REHAB AND NURSING CENTER REALTY, LLC; SABA HEALTHCARE; PREMIER HEALTHCARE & FINANCIAL SERVICES; NICHOLAS FERNANDO, RN; ARLIND SEJDIU, LPN; REBEKAH McCARTHY, LPN; and TERESA FOREMAN, RN, | ) ) ) ) ) ) ) ) | Honorable Moira S. Johnson, |
| Defendants-Appellants. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Reyes and Justice R. Van Tine concurred in the judgment.

**ORDER**

¶ 1   *Held*:   In a wrongful death and nursing home negligence action, the trial court did not
abuse its discretion when it denied defendants' *forum non conveniens* motion to
dismiss and transfer the case from Cook County to Winnebago County because

defendants failed to show that the private and public interest factors strongly favored transfer.

¶ 2    Plaintiff, Terri Gregory, independent administrator of the estate of Ellen Gregory, sued defendants, Forest City Rehab and Nursing Center, LLC (Forest City); Forest City Rehab and Nursing Center Realty, LLC; Saba Healthcare (Saba); Premier Healthcare & Financial Services (Premier); Nicholas Fernando, RN; Arlind Sejdiu, LPN; Rebekah McCarthy, LPN; and Teresa Foreman, RN, for wrongful death and nursing home negligence.

¶ 3    Defendants appeal the denial of their *forum non conveniens* motion to dismiss. We allowed defendants' petition for leave to appeal under Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2020), which provides for interlocutory appeals by permission. On appeal, defendants argue the trial court abused its discretion by failing to properly balance the private and public interest factors and concluding that the factors did not strongly favor transfer from Cook County to Winnebago County.

¶ 4    For the reasons that follow, we affirm the judgment of the circuit court.[1]

¶ 5                                    I. BACKGROUND

¶ 6    This case arises from the March 2019 death of decedent, Ellen Gregory, in hospice care at defendant Forest City, a nursing facility located in Winnebago County, Illinois. Defendants Fernando, Sejdiu, McCarthy, and Foreman were decedent's caregivers at Forest City. Plaintiff Terri Gregory, decedent's sister-in-law acting as independent administrator of her estate, alleged that decedent's death resulted from the negligent nursing care she received from Forest City's

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

nursing staff and the mismanagement of that medical care by the corporate defendants. Plaintiff, a resident of Ogle County, filed suit in Cook County against defendants, advancing claims for wrongful death, survival, and institutional negligence based on alleged violations of the Nursing Home Care Act, 210 ILCS 45/1–101 *et seq.* (West 2018). Forest City's principal office, managers' offices, and registered agent were located in Cook County. The principal offices of defendants Saba and Premier, which co-managed Forest City, were also in Cook County.

¶ 7     Plaintiff alleged that all defendants were negligent by failing to prevent a fall, pressure sores, and an infection, which allegedly resulted in decedent's decline, hospitalization, and death. Plaintiff also alleged that Saba and Premier managed, in addition to Forest City, multiple nursing facilities in Cook County, as well as other parts of Illinois, from their offices in Cook County. Further, plaintiff alleged that Saba and Premier mismanaged Forest City from their Cook County offices.

¶ 8     Defendants filed a motion to transfer the lawsuit to Winnebago County pursuant to the doctrine of *forum non conveniens* and Supreme Court Rule 187 (eff. Jan. 1, 2018). Defendants argued plaintiff's choice of forum should be afforded little deference because her claims arose out of nursing care provided in Winnebago County, not Cook County, and plaintiff did not reside in Cook County. Defendants argued that Winnebago County, the county where the alleged negligent nursing care occurred, had the greatest interest in the litigation. Defendants contended that while the corporate offices might be sufficient to make Cook County an appropriate venue, that fact alone was insufficient to tie the case to Cook County for purposes of proper forum, especially when all the factors are considered in their totality. Defendants also argued that the citizens of

Cook County had no interest in a controversy arising out of alleged negligence in Winnebago County, and therefore the burden of jury duty and the costs associated with litigating a case should not be imposed on Cook County and its residents.

¶ 9    Defendants argued further that, according to the 2019 Annual Report of the Administrative Office of the Illinois Courts, Winnebago County was much less congested than Cook County. Defendants also argued that because plaintiff was a resident of Ogle County, approximately 24 miles from the Winnebago County courthouse, Winnebago County was far more convenient for her than the Cook County courthouse, which was approximately 90 minutes from plaintiff. Defendants argued further that Winnebago County was significantly more convenient for all four individual defendants, who lived in Winnebago County within 20 minutes of the Winnebago County courthouse. Defendants also argued that Tony Valentino, the administrator of Forest City, was a likely witness who lived in Ogle County, which was adjacent to Winnebago County. Moreover, yet to be identified Forest City nursing witnesses likely lived in and around Winnebago County. Defendants argued further that plaintiff alleged that decedent was transferred to OSF St. Anthony Medical Center (OSF) in Rockford, Winnebago County, Illinois, on two occasions because of purported negligence and the OSF physicians and nurses were potential witnesses who likely resided in or near Winnebago County. In addition, defendants argued that decedent's heirs were three siblings, two of whom lived in Rochelle, Ogle County, Illinois, and one who lived in Oklahoma City, Oklahoma. Rochelle was approximately 35 minutes from the Winnebago County courthouse.

¶ 10    Along with their motion, defendants included the affidavit of nonparty witness Valentino, who swore that all services provided to decedent were provided at Forest City in Winnebago County. Valentino also swore that he did not perform any of his job duties in Cook County. Valentino lived in Ogle County, 93 miles from the Cook County courthouse but only 16 miles from the Winnebago County courthouse. Valentino averred that appearing in Cook County would be very inconvenient for him, but adjudicating the case in Winnebago County would be convenient and place substantially less burden and hardship on his personal and professional commitments.

¶ 11    Defendants Fernando, Sejdiu, and Foreman also provided affidavits swearing that they resided in Winnebago County and provided care and treatment to decedent at Forest City. The Cook County courthouse was over 70 miles from each of their residences whereas the Winnebago County courthouse was less than 10 miles away. Therefore, each witness asserted that it would be very inconvenient to appear in Cook County to defend the lawsuit, but adjudicating the lawsuit in Winnebago County would be significantly more convenient and place substantially less burden upon their personal and professional commitments.

¶ 12    In response to defendants' motion to transfer venue, plaintiff argued that, regarding the private interest factors, the corporate defendants' principal offices, managers, or agents were located in Cook County. Plaintiff also argued that defendants failed to demonstrate that Cook County would be considerably inconvenient for the four individual caretaker defendants due to the 90 minute drive to the Cook County courthouse because travel time was just a fraction of the time these defendants would be required to take away from work whether the case proceeded to trial in Cook or Winnebago County. Plaintiff noted that the submitted affidavits accounted for only three

of the eight named defendants. Plaintiff argued that the documentary evidence was stored electronically and accessible regardless of the location, so it was no more convenient for the litigants to access documentary evidence in Winnebago County than it was in Cook County. Plaintiff acknowledged that the individual caretaker defendants resided in or near Winnebago County but emphasized that the corporate defendants and their representatives resided in Cook County. Plaintiff stated that defendants did not identify any trial witnesses beyond the parties and Valentino, and had yet to identify any Supreme Court Rule 213(f) (eff. Jan. 1, 2018) witnesses. Plaintiff argued that evidence depositions, compulsory process, and depositions by Zoom were available and that there would be no need for a viewing in this case. Regarding the public interest factors, plaintiff argued that the corporate defendants conducted business in Cook County and availed themselves of Cook County's resources and infrastructure and presumably paid taxes in Cook County.

¶ 13    Plaintiff also asserted that she intended to focus on top-down management failures that resulted in her damages, including lack of resources, training, and understaffing as alleged in her institutional negligence claim. With respect to congestion of the courts, plaintiff argued that the statistics failed to show that the Circuit Court of Winnebago County actually disposed of its cases more efficiently and expeditiously than the Circuit Court of Cook County. Plaintiff maintained that the average time lapse between the filing of the case and the rendering of the verdict was 61 months in Winnebago County and 29.9 months in Cook County.

¶ 14    The trial court issued a memorandum opinion and order on January 27, 2023, denying defendants' motion and refusing to transfer the case to Winnebago County. The trial court

concluded that defendants did not meet their burden to show that the private and public interest factors weighed so strongly in defendants' favor that plaintiff's right to select the forum should be overturned.

¶ 15    Defendants pursued this appeal.

¶ 16                                   II. ANALYSIS

¶ 17    We review denial of a *forum non conveniens* motion for an abuse of discretion. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441-42 (2006). "A circuit court abuses its discretion in balancing the relevant factors only where no reasonable person would take the view adopted by the circuit court." *Id.* at 442; see *Vivas v. Boeing Co.*, 392 Ill. App. 3d 644, 657 (2009) (the issue is not what decision this court would have reached if this court were reviewing the facts on a clean slate, but whether the trial court acted in a way that no reasonable person would).

¶ 18    Illinois's forum statute provides that an action must commence either "(1) in the county of residence of any defendant who is joined in good faith and with probable cause" or "(2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101 (West 2018). A court with personal and subject-matter jurisdiction may decline to hear a case under the *forum non conveniens* doctrine when trial in another forum "would be more convenient and would better serve the ends of justice." *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991); see *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947) ("The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute."). This doctrine stems from " 'considerations

of fundamental fairness and sensible and effective judicial administration.' " *Vinson*, 144 Ill. 2d at 310 (quoting *Adkins v. Chicago, Rock Island & Pacific R.R. Co.*, 54 Ill. 2d 511, 514 (1973)).

¶ 19    Dismissal under the *forum non conveniens* doctrine occurs in exceptional circumstances. *Langenhorst*, 219 Ill. 2d at 442.

> "Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy. The doctrine leaves much to the discretion of the court to which plaintiff resorts, and experience has not shown a judicial tendency to renounce one's own jurisdiction so strong as to result in many abuses." *Gulf Oil Corp.*, 330 U.S. at 507-08.

When venue is proper, the defendant must show that " 'the inconvenience factors' " attached to the plaintiff's chosen forum " 'greatly outweigh' " the plaintiff's " 'substantial right to try the case in the chosen forum.' " *First American Bank v. Guerine*, 198 Ill. 2d 511, 520 (2002) (quoting *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 335-36 (1994)).

¶ 20    Courts usually give substantial deference to a plaintiff's right to select a forum. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 173 (2003). A nonresident plaintiff's choice of forum receives less deference, particularly if the alleged negligence did not happen there. *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 106 (1990); *Peile*, 163 Ill. 2d at 337-38.

¶ 21    As an initial matter, the trial court noted that plaintiff's choice of forum was afforded some deference but not as much as it would have been if decedent, a resident of Winnebago County, had resided in Cook County and if it had been the site of the alleged negligent nursing care. Thus, the trial court properly took account of nonresident plaintiff's chosen forum.

¶ 22 Defendants argue that filing in Cook County constituted strategic "forum shopping." We note, however, that "courts may not consider this practice in a *forum non conveniens* analysis." *Dawdy*, 207 Ill. 2d at 175. Courts limit their inquiry into whether the relevant private and public interest factors strongly favor transfer from the chosen forum to another available and adequate alternative. Here, there is no dispute that both Winnebago and Cook Counties are available and adequate forums.

¶ 23                                   A. Private Interest Factors

¶ 24 Defendants argue that the trial court abused its discretion because it misapplied the *forum non conveniens* factors. Specifically, defendants assert that the court evaluated each factor and then weighed whether it was sufficient to disturb plaintiff's choice of forum. According to defendants, the court improperly required them to demonstrate that each individual private and public interest factor weighed strongly in favor of transfer. Defendants also assert that once the court determined that a given factor weighed only slightly in favor of transfer, the court discarded the factor without balancing it with all the other factors to determine whether, taken together, the factors strongly favored transfer. We disagree. Our review of the trial court's written decision establishes, as discussed below, that the trial court properly applied the *forum non conveniens* factors in this matter.

¶ 25 When an available and adequate alternative forum exists, the court balances all relevant private and public interest factors in a *forum non conveniens* motion, considering each case "as unique on its facts." *Langenhorst*, 219 Ill. 2d at 443. A court must neither weigh the private interest factors against the public interest factors nor emphasize any one factor. *Id.* at 444. Rather, the court

must consider all relevant factors and evaluate the totality of the circumstances in determining whether the balance of factors strongly favors transfer. *Id.* at 442.

¶ 26    The private interest factors include " '(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive.' " *Id.* (quoting *Guerine*, 198 Ill. 2d at 516). The third factor includes the availability of compulsory witnesses, the cost to obtain attendance of willing witnesses, and the ability to view the premises, if appropriate. *Guerine*, 198 Ill. 2d at 516.

¶ 27    The trial court properly exercised its discretion in analyzing the relevant private interest factors. In considering the convenience of the parties, the trial court noted that defendants bore the burden to show that plaintiff's chosen forum of Cook County was inconvenient to defendants and that Winnebago County was more convenient to all the parties. See *id.* at 518. The court also noted that defendants cannot assert that the plaintiff's chosen forum was inconvenient to her. See *Langenhorst*, 219 Ill. 2d at 444. Although defendants Fernando, Sejdiu and Foreman and witness Valentino averred that Cook County was an inconvenient forum, three corporate defendants— Forest City, Saba and Premier—had their principal offices and/or individual managers in Cook County. Accordingly, the court stated that this factor did not favor disturbing plaintiff's choice of forum.

¶ 28    Defendants cite *Hansen-Runge v. Illinois Central R.R.*, 2020 IL App (1st) 190383, to support their argument that "the connection between this litigation and Cook County was so slight as to be virtually nonexistent" because three of the corporate defendants—*i.e.*, Forest City, Saba,

and Premier—merely have their headquarters in Cook County and the location of a defendant's headquarters was not a dispositive factor. Defendants' reliance on *Hansen-Runge* is misplaced as that case is distinguishable. In *Hansen-Runge*, the nonresident plaintiff filed his case in Cook County and claimed that the defendant railroad created an unsafe workplace in Black Hawk County, Iowa, by allowing the plaintiff to be exposed to harmful chemicals and other toxins that caused his injury. *Id*. ¶ 4. The plaintiff argued for the first time on appeal that there was no basis to dismiss the case on *forum non conveniens* grounds because the defendant was headquartered in Cook County. *Id*. ¶¶ 18, 19. The plaintiff also argued for the first time on appeal that the railroad might have made certain decisions in Cook County that affected his employment or led to his injury. *Id*. This court deemed this argument forfeited and declined to consider it in the court's *forum non conveniens* analysis. *Id*. ¶¶ 20, 25.

¶ 29    Here, in contrast, plaintiff's complaint alleged and plaintiff argued before the trial court that, in addition to the alleged negligent nursing care rendered by defendants' nursing staff in Winnebago County, defendants Saba and Premier mismanaged Forest City from their Cook County offices and managed multiple nursing facilities in Cook County. We agree with the trial court that the corporate defendants' connection to Cook County is hardly incidental to plaintiff's claims. Similarly distinguishable is *Monteagudo v. The Gardens of Belvidere, LLC*, 2023 IL App (1st) 220045, ¶ 39, where the court's analysis regarding the significance of the corporate defendant's location in the chosen forum was limited to the fact that the corporate defendant neither provided any medical care to the decedent nursing facility resident nor had knowledge

about the care provided. Unlike here, the *Monteagudo* court did not consider any claim that the corporate defendant mismanaged the nursing facility.

¶ 30    The trial court also discussed the availability of evidence, noting that the location of documentary evidence has become a less significant factor in the analysis due to the storage of pertinent documentary evidence in electronic format and the modern age of internet, e-mail, telefax, copying machines, and world-wide delivery services. See *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 36. Although the real extent of the likely nonparty witnesses was not yet known, the court stated that even assuming they would aver that participation in a trial would be more convenient in Winnebago than Cook County, this factor tipped the balance only slightly in favor of Winnebago County. The trial court's explanation was not unreasonable because three corporate defendants were in Cook County. Thus, the record showed that trial witnesses were dispersed among multiple Illinois counties other than Winnebago County, including trial witnesses located within Cook County. See *Guerine*, 198 Ill. 2d at 526 (granting an intrastate *forum non conveniens* motion to transfer venue is an abuse of discretion where "the potential trial witnesses are scattered among several counties, including the plaintiff's chosen forum, and no single county enjoys a predominant connection to the litigation.").

¶ 31    The trial court noted that the availability of compulsory process was a neutral factor in this case because all the witnesses were in Illinois. The court stated that the costs of transportation for Fernando, Sejdiu, Foreman, and Valentino, who submitted affidavits, would be less expensive in Winnebago County, but the court reasonably explained that it would not speculate about the

potential costs of securing the attendance of as-yet unidentified potential or additional witnesses, and thus, this factor only slightly favored Winnebago County.

¶ 32    The trial court found that the possibility of the jury viewing the site slightly favored Winnebago County, but accorded this factor little weight because the circumstances suggested that a view of the facilities would not be necessary or helpful. We agree with defendants that, "[w]hen considered in isolation, there is nothing slight about [this factor] favoring transfer." However, we agree with the trial court that this factor was entitled to little weight when all the relevant factors are considered and the totality of the circumstances are evaluated in determining whether the balance of factors strongly favored transfer.

¶ 33    Finally, we agree with defendants that the trial court erroneously stated that plaintiff's counsel was located in Winnebago County and defendants' counsel was located in Cook County, when in fact the opposite was true. We cannot discern whether this error was merely a typographical error or a misstatement of facts. Nevertheless, we conclude that this error was harmless because the trial court stated that it gave this factor little weight.

¶ 34    The trial court's explanations for why the private interest factors did not strongly favor transfer to Winnebago County were reasonable. Defendants failed to show that the trial court abused its discretion in finding that the relevant private interest factors did not strongly favor transfer.

¶ 35                          B. Public Interest Factors

¶ 36    We next address the public interest factors, which include "(1) the interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on

residents of a forum that has little connection to the litigation; and (3) the administrative difficulties presented by adding litigation to already congested court dockets." *Langenhorst*, 219 Ill. 2d at 443-44.

¶ 37    The trial court acknowledged that Winnebago County had a strong interest in the resolution of a case involving alleged negligent nursing care that occurred entirely at a facility located in Winnebago County. Nevertheless, Forest City, Saba, and Premier had offices and/or managers located in Cook County, and Saba and Premier managed multiple nursing facilities in Cook County, which thus had an interest in the resolution of this case so as not to warrant disturbing plaintiff's chosen forum. See *Hackl v. Advocate Health & Hospitals Corp.*, 382 Ill. App. 3d 442, 452 (2008) ("Cook County and its residents also have an interest in [plaintiff's] case because defendant Advocate is a healthcare provider in Cook County and the greater Chicago area.") Moreover, Cook County jurors would not be unduly burdened by a trial involving the alleged negligent management of medical services by its corporate residents because Forest City, Saba, and Premier presumably paid their corresponding share of taxes to Cook County. See *Blake v. Colfax Corp.*, 2013 IL App (1st) 122987, ¶ 27. Accordingly, the court reasonably found that the local controversy and expense and burden factors only slightly favored transfer to Winnebago County, particularly considering that plaintiff also alleged that (1) management failures, including lack of resources, training, and understaffing, caused her damages, (2) Saba and Premier managed, in addition to Forest City, multiple nursing facilities in Cook County from their offices in Cook County, and (3) Saba and Premier mismanaged Forest City from their Cook County offices.

¶ 38 Finally, the trial court found that the court congestion factor "decidedly [did] not favor transfer" to Winnebago County because, pursuant to 2020 court statistics, the average length of time for Cook County to dispose of its 69 jury cases with claims in excess of $50,000 was 28.6 months, whereas Winnebago County took 65.9 months to dispose of its 1 jury case in excess of $50,000, indicating that Cook County resolved its comparable cases, "in, on average, 43.39% of the time."

¶ 39 The trial court considered the public interest factors and concluded that defendants did not show that the public interest factors strongly favored transfer to Winnebago County. This conclusion aligns with the three public interest factors: (1) the controversy was sufficiently local, (2) the litigation has enough connection to Cook County for jurors to hear it, and (3) hearing the case in Cook County caused no administrative difficulties.

¶ 40 Defendants would have us hold this conclusion unreasonable. Defendants argue that Winnebago County residents have the primary interest and Cook County residents have no meaningful interest at all. Defendants focus on the physical location of the alleged negligent nursing care, but plaintiff also asserted claims of negligent management of medical services by the corporate defendants in Cook County. Because Cook County residents have an interest, it follows that the case remains here. See *Fennell*, 2012 IL 113812, ¶ 46 ("If Illinois had any relevant or practical connection with this litigation, then it would have an interest in providing a forum."). While not dispositive, Forest City, Saba, and Premier maintain their headquarters and/or principal place of business in Cook County. See *Vivas*, 392 Ill. App. 3d at 661. We cannot say the trial court abused its discretion.

¶ 41    The trial court properly exercised its discretion in finding that the public interest factors did not strongly favor transfer to Winnebago County.

¶ 42                                C. Balancing the Factors

¶ 43    The trial court concluded that plaintiff's choice of Cook County prevailed because defendants failed to carry their considerable burden to show that, as a whole, the relevant private and public interest factors strongly favored transfer to Winnebago County. Accordingly, the circuit court denied defendants' motion to transfer venue to Winnebago County based on the doctrine of *forum non conveniens* and Supreme Court Rule 187.

¶ 44    The trial court balances the private and public interest factors in deciding a *forum non conveniens* motion without emphasizing any one factor. *Langenhorst*, 219 Ill. 2d at 443; *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169-70 (2005). "On review, the trial court's decision will be reversed only if *** the court abused its discretion in balancing the relevant factors." *Dawdy*, 207 Ill. 2d at 176-77. Defendants have not demonstrated an abuse of discretion.

¶ 45                                III. CONCLUSION

¶ 46    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 47    Affirmed.